ROGER P. CROTEAU, ESQ.
Nevada Bar No. 4958
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
ROGER P. CROTEAU & ASSOCIATES, LTD.
9120 West Post Road, Suite 100
Las Vegas, Nevada 89148
(702) 254-7775
(702) 228-7719 (facsimile)
croteaulaw@croteaulaw.com
*Attorney for Plaintiff*
**LAS VEGAS DEVELOPMENT GROUP, LLC**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| LAS VEGAS DEVELOPMENT GROUP, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> SHIRLEY C. YFANTIS, an individual; CRYSTALIA L. YFANTIS, an individual; WELLS FARGO BANK, NA, a National Banking Association; NATIONAL DEFAULT SERVICING CORPORATION, an Arizona corporation; MARIA BARROGA, an individual; ANASTACIA CEPEDA, an individual; SECRETARY OF THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, a federal governmental agency; EVERGREEN MONEYSOURCE MORTGAGE COMPANY, a Washington corporation; DOE individuals I through XX; and ROE CORPORATIONS I through XX, <br><br> Defendants. | Case No.   2:15-cv-1127-APG-CWH |

### MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW, Plaintiff, LAS VEGAS DEVELOPMENT GROUP, LLC (*"LVDG"*), by and through its attorneys, ROGER P. CROTEAU & ASSOCIATES, LTD., and hereby presents its Motion for Partial Summary Judgment, requesting Summary Judgment on its first cause of

9986 Otterburn

action for Quiet Title/Declaratory Relief. This Motion is made and based upon the attached memorandum of points and authorities, all pleadings, papers and documents on file herein, and any oral argument that the Court may entertain at the hearing of this matter.

DATED this ___2nd___ day of September, 2015.

ROGER P. CROTEAU & ASSOCIATES, LTD.


/s/ *Timothy E. Rhoda*
ROGER P. CROTEAU, ESQ.
Nevada Bar No. 4958
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
9120 West Post Road, Suite 100
Las Vegas, Nevada 89148
(702) 254-7775
*Attorney for Plaintiff*
**LAS VEGAS DEVELOPMENT GROUP, LLC**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

For the past several years, the purchasers of real properties at homeowners association lien foreclosure sales have been embroiled in litigation with purportedly secured deed of trust holders such as the Defendant herein, Wells Fargo Bank, N.A. (*"WFB"*) regarding the force and effect of NRS §116.3116, which provides an HOA with a superpriority lien on an individual homeowner's property for up to nine months of unpaid HOA dues. In a nutshell, the purchasers of these properties have always asserted that HOA lien foreclosure sales served to extinguish all junior liens, including a first position deed of trust, pursuant to black letter lien law. Mortgage holders such as WFB incorrectly asserted that their security interests survived the HOA lien foreclosure sales.

Until relatively recently, the conflicting positions of the purchasers and the purported secured mortgage holders were the subject of significant dispute. However, on September 18, 2014, the Nevada Supreme Court, in the matter of *SFR Investments Pool I, LLC v. U.S. Bank,*

*N.A.*, 130 Nev. ___, 334 P.3d 408, 2014 WL 4656471 (Adv. Op. No. 75, Sept. 18, 2014), definitively determined that the foreclosure of a HOA's superpriority lien does indeed extinguish a first deed of trust, stating as follows:

> We must decide whether this is a true priority lien such that its foreclosure extinguishes a first deed of trust on the property and, if so, whether it can be foreclosed nonjudicially. We answer both questions in the affirmative and therefore reverse.

"The SFR decision made winners out of the investors who purchased foreclosure properties in HOA sales and losers of the lenders who gambled on the opposite result, elected not to satisfy the HOA liens to prevent foreclosure, and thus saw their interests wiped out by sales that often yielded a small fraction of the loan balance." *Freedom Mortg. Corp. v. Las Vegas Dev. Grp., LLC*, 2015 U.S. Dist. LEXIS 66249, 1-2 (D. Nev. May 19, 2015) (Dorsey, J.).

Pursuant to its decision in *SFR Investments*, the Nevada Supreme Court resolved the divergent opinions that previously existed in the state and federal courts of the State of Nevada regarding the force, effect and interpretation of NRS §116.3116 *et seq*. In doing so, the Nevada Supreme Court clarified that the statute provides a homeowners association with a true superpriority lien over real property that can and does extinguish a first deed of trust when non-judicially foreclosed. *Id.* The Nevada Supreme Court also recognized that a foreclosure deed "reciting compliance with notice provisions of NRS 116.31162 through NRS 116.31168 'is conclusive' as to the recitals 'against the unit's former owner, his or her heirs and assigns and all other persons.'" *See id.* at *3 (citing NRS 116.3116.31166(2)). Moreover, under Nevada law, the HOA foreclosure sale and the resulting foreclosure deed are both <u>presumed valid</u>. NRS 47.250(16)-(18) (stating that disputable presumptions exist "that the law has been obeyed"; "that a trustee or other person, whose duty it was to convey real property to a particular person, has actually conveyed to that person, when such presumption is necessary to perfect the title of such person or a successor in interest"; "that private transactions have been fair and regular"; and "that the ordinary course of business has been followed.").

At issue herein is real property commonly known as 9986 Otterburn Street, Las Vegas, Nevada 89178, Assessor Parcel No. 176-28-613-097 (*"the "Property"*). WFB formerly held a

9986 Otterburn

deed of trust recorded against the Property in the Official Records of the Clark County Recorder as Instrument No. 200808290004619 (*"First Deed of Trust"*). Complaint, ¶20-22. Plaintiff is the rightful owner of the Property, having purchased all right, title and interest in it at an HOA Foreclosure Sale dated November 17, 2010. *Id.*, ¶30-31. Pursuant to *SFR Investments*, the HOA Foreclosure Sale served to extinguish the then-existing First Deed of Trust pursuant to Nevada law.

Notwithstanding the extinguishment of its security interest, WFB purported to foreclose upon the Property on June 6, 2011. Complaint, ¶57. WFB purported to purchase the Property at the foreclosure sale (*"Bank Foreclosure Sale"*) and on June 14, 2011, caused a Trustee Deed to be recorded in the Official Records of the Clark County Recorder as Instrument No. 201106140001418. *Id.*, ¶58. However, because WFB possessed no valid security interest upon which to foreclose, its foreclosure was void and ineffective. It naturally follows that any and all subsequent transfers of the Property were void and that Plaintiff remains the rightful owner of the Property.

Now that the law is settled regarding the effect of the foreclosure of an HOA Lien, no question of material fact exists regarding LVDG's ownership of the Property. As a result, Summary Judgment must be entered in favor of the Plaintiff, confirming that LVDG is the sole owner of the Property free and clear of any encumbrances or interests of the Defendants.

## II.

## STATEMENT OF UNDISPUTED FACTS

On or about April 4, 2006, a Declaration was recorded as instrument number 200604040003021, thereby creating Rio Vista Homeowners Association (*the "HOA"*) and perfecting a lien in favor of the HOA on all real property located within the common interest community it governed, including but not limited to the Property. Complaint, ¶12. On or about August 29, 2008, Defendants, MARIA BARROGA and ANASTASIA CEPEDA (*collectively, "Former Owners"*), acquired title to and ownership of the Property. *Id.*, ¶12. See also Exhibit 1, attached hereto and incorporated herein by reference. By virtue of their ownership of the Property, Former Owners were members of the HOA and accordingly were obligated to pay

9986 Otterburn

ROGER P. CROTEAU & ASSOCIATES, LTD.
• 9120 W. Post Road, Suite 100 • Las Vegas, Nevada 89148 •
Telephone: (702) 254-7775  • Facsimile (702) 228-7719

HOA assessments pursuant to the terms of the CC&Rs.  *Id.*, ¶24.

The Former Owners purchased the Property with the aid of a mortgage secured by the Property.  Complaint, ¶19.  On or about August 29, 2008, Hillsborough Lending LLC, recorded the First Deed of Trust against the Property in the Official Records of the Clark County Recorder as Instrument No. 200808290004619 (*"First Deed of Trust"*).  See also Exhibit 2, attached hereto and incorporated herein by reference.  WFB subsequently became the holder, beneficiary and/or owner of the First Deed of Trust through assignment recorded on September 5, 2008, in the Official Records of the Clark County Recorder as Instrument No. 200809050002226.  *Id.*, ¶21-22.  See also Exhibit 3, attached hereto and incorporated herein by reference.  The First Deed of Trust included a Planned Unit Development Rider, specifically recognizing the obligation of the Former Owners to pay assessments to the HOA and the ability and right of the lender to pay the assessments should the Borrowers default and fail to do so.  See Exhibit 2.

At some point in time during their ownership of the Property, Former Owners failed to pay the HOA assessments related to the Property.  *Id.*, ¶25.  As a result of the failure of Former Owners to pay the HOA assessments, HOA recorded a Notice of Delinquent Assessment Lien (*"HOA Lien"*) with the Office of the Recorder of Clark County, Nevada on October 26, 2009.  *Id.*, ¶26.  See also Exhibit 4, attached hereto and incorporated herein by reference. Thereafter, HOA recorded a Notice of Default and Election to Sell Under Notice of Delinquent Assessment Lien with the Office of the Recorder of Clark County, Nevada, on January 12, 2010.  *Id.*, ¶27. See also Exhibit 5, attached hereto and incorporated herein by reference.  Upon information and belief, the Notice of Default and Election to Sell was served upon the Former Owners, as well as all interested parties holding a security interest in the Property.  *Id.*, ¶28.

After the expiration of 90 days from the recording and mailing of the Notice of Default, HOA caused a Notice of Trustee's Sale to be recorded with the Office of the Recorder of Clark County, Nevada.  *Id.*, ¶29.  See also Exhibit 6, attached hereto and incorporated herein by reference.  Upon information and belief, the Notice of Trustee's Sale was served upon the Former Owners, as well as all interested parties holding a security interest in the Property.  *Id.*, ¶30.  On or about November 17, 2010, HOA caused a foreclosure sale (*"HOA Foreclosure*

*Sale"*) to be conducted pursuant to the powers conferred by the Nevada Revised Statutes 116.3116, 116.31162, 116.31163 and 116.31164; the CC&Rs; the Notice of Delinquent Assessment Lien; and the Notice of Default and Election to Sell. *Id.*, ¶31.

Plaintiff purchased the Property by successfully bidding at the HOA Foreclosure Sale in accordance with N.R.S. 116.3116, et seq. *Id.*, ¶32. On or about November 17, 2010, a Trustee's Deed Upon Sale (*"HOA Foreclosure Deed"*) was recorded in the Official Records of the Clark County Recorder as Instrument No. 201011170002193, vesting title to the Property in the name of Plaintiff. *Id.*, ¶33. A copy of the HOA Foreclosure Deed is attached hereto and incorporated herein by reference as Exhibit 7. The Court may take judicial notice of the recorded documents attached hereto because they are public and "[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned..." NRS 47.130 (2)(b); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("court may take judicial notice of matters of public record.").

The HOA Foreclosure Deed states in pertinent part as follows:

AGENT STATES THAT:
This conveyance is made pursuant to the powers granted to Rio Vista HOA and conferred upon appointed trustee by the provisions of Nevada Revised Statutes, the Rio Vista HOA governing documents (CC&R's) recorded as instrument number 0003021 Book 20060404 on April 4, 2006 and that certain Notice of Delinquent Assessment Lien recorded on October 26, 2009 instrument number 00361 Book 20091026 Official Records of CLARK County; and pursuant to NRS 117.070 et Seq. or NRS 116.3115 et Seq and NRS 116.3116 through 116.31168 et Seq. The name of the owner(s) of the property (trustor) was: MARIA BARROGA & ANASTACIA CEPEDA

Default occurred as set forth in a Notice of Default and Election to Sell, recorded on January 12, 2010 as instrument 0001562 Book 20100112 which was recorded in the office of the recorder of said county. Absolute Collection Services, LLC. Has complied with all requirements of law including, but not limited to, the elapsing of 90 days, mailing of copies of Notice of Delinquent Assessment and Notice of Default and the posting and publication of the Notice of Sale. Said property was sold by said agent, on behalf of Rio Vista HOA at public auction on November 16, 2010 at the place indicated on the Notice of Sale. Grantee being the highest bidder at such sale, became the purchaser of said property and paid therefore to said agent the amount bid $4,200.00 in lawful money of the United States, or by satisfaction, pro tanto, of the obligations then secured by the Delinquent Assessment Lien.

See Exhibit 7. The HOA Foreclosure Sale complied with all requirements of law, including but not limited to, the recording and mailing of copies of the Notice of Delinquent Assessment and

9986 Otterburn

Notice of Default, and the recording, posting and publication of the Notice of Sale. Complaint, ¶32. See also Exhibit 7. From that point forward, Plaintiff was the rightful owner of the Property free and clear of any encumbrances.

On or about January 4, 2011, WFB and/or National Default Servicing caused a Notice of Default and Election to Sell to be recorded in the Official Records of the Clark County Recorder as Instrument No. 201101040007059. Complaint, ¶55. See also Exhibit 8, attached hereto and incorporated herein by reference. On or about April 8, 2011, WFB and /or National Default Servicing caused a Notice of Trustee's Sale to be recorded in the Official Records of the Clark County Recorder as Instrument No. 201104080002884. *Id.*, ¶56. See also Exhibit 9, attached hereto and incorporated herein by reference. On or about June 6, 2011, National Default Servicing purported to conduct a foreclosure sale based upon the First Deed of Trust. *Id.*, ¶57. WFB purported to purchase the Property at the foreclosure sale (*"Bank Foreclosure Sale"*) and on June 14, 2011, caused a Trustee Deed to be recorded in the Official Records of the Clark County Recorder as Instrument No. 201106140001418. *Id.*, ¶58. See also Exhibit 10, attached hereto and incorporated herein by reference.

On or about October 3, 2011, WFB purported to transfer the Property to HUD by deed recorded in the Official Records of the Clark County Recorder as Instrument No. 201110030001029. *Id.*, ¶59. See also Exhibit 11, attached hereto and incorporated herein by reference. On January 13, 2012, Shirley C. Yfantis and Crystalia L. Yfantis purported to purchase the Property from HUD and a deed was recorded in the Official Records of the Clark County Recorder as Instruments No. 201201130002681. *Id.*, ¶60. See also Exhibit, 12, attached hereto and incorporated herein by reference. Upon information and belief, Shirley C. Yfantis and Crystalia L. Yfantis purchased the Property from HUD with the aid of a mortgage from Evergreen Moneysource Mortgage Corporation (*"Evergreen"*). *Id.*, ¶61. On or about January 13, 2012, Evergreen recorded a deed of trust against the Property in the Official Records of the Clark County Recorder as Instrument Nos. 201201130002683 (*"Evergreen Deed of Trust"*). *Id.*, ¶62.

The instant action is quite simple. Because the First Deed of Trust was extinguished as a

9986 Otterburn

matter of law at the time of the HOA Foreclosure Sale, WFB possessed no valid basis upon which to foreclose upon the Property. As a result, the Bank Foreclosure Sale was void ab initio. The void Bank Foreclosure Sale did not effect any change of title, regardless of the documents that were thereafter recorded with the Office of the Clark County Recorder's Office. Plaintiff has remained the rightful owner of the Property during the entire span of time since the void Bank Foreclosure Sale. No genuine issue of material fact exists that indicates otherwise.

### III.
### LEGAL ARGUMENT

**1. STATEMENT OF THE LAW**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway,* 199 F.3d 1093, 1103-04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Pursuant to NRS 40.010, a quiet title action "may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." In a quiet title case, a presumption exists in favor of the record title holder. *Breliant v. Preferred Equities Corp.*, 112 Nev. 663, 669 (1996). In this case, a presumption exists in favor of Shirley C. Yfantis and Crystalia L. Yfantis as the current owners of record. However, this presumption is easily overcome by the fact that

9986 Otterburn

the First Deed of Trust was extinguished as a matter of law pursuant to black letter lien law and *SFR Investments*.

## 2. THE FIRST DEED OF TRUST WAS EXTINGUISHED AS A MATTER OF LAW AT THE TIME OF THE HOA FORECLOSURE SALE

Prior to the Bank Foreclosure Sale, Plaintiff was unquestionably the owner of the Property. Until relatively recently, a question existed regarding whether or not the Property continued to secure the First Deed of Trust at that time. The Nevada Supreme Court has settled this question, holding that the non-judicial foreclosure of a homeowners association's super-priority lien extinguishes a first deed of trust. As a result, no factual questions exist and any claim by the Defendants to the contrary is simply without merit.

Pursuant to *SFR Investments*, the Nevada Supreme Court has determined that the non-judicial foreclosure of an HOA lien extinguishes a first deed of trust. Pursuant to N.R.S. 116.31166(1), the recitals made in the HOA Foreclosure Deed are conclusive proof of the matters recited, e.g., that the process complied with the applicable law for foreclosure of HOA liens. Specifically, N.R.S. §116.31166(1) states as follows:

> 1. The recitals in a deed made pursuant to NRS 116.31164 of:
> (a) Default, the mailing of the notice of delinquent assessment, and the recording of the notice of default and election to sell;
> (b) The elapsing of the 90 days; and
> (c) The giving of notice of sale,
>    are conclusive proof of the matters recited.

Furthermore, Nevada law provides that the HOA Foreclosure Sale and the resulting HOA Foreclosure Deed are both presumed valid. N.R.S. 47.250(16)-(18) (stating that there are disputable presumptions "that the law has been obeyed"; "that a trustee or other person, whose duty it was to convey real property to a particular person, has actually conveyed to that person, when such presumption is necessary to perfect the title of such person or a successor in interest"; "that private transactions have been fair and regular"; and "that the ordinary course of business has been followed.").

A presumption not only fixes the burden of going forward with evidence, but it also shifts the burden of proof. *Yeager v. Harrah's Club, Inc.*, 111 Nev. 830, 834, 897 P.2d 1093, 1095

9986 Otterburn

ROGER P. CROTEAU & ASSOCIATES, LTD.
• 9120 W. Post Road, Suite 100 • Las Vegas, Nevada 89148 •
Telephone: (702) 254-7775 • Facsimile (702) 228-7719

(1995) (citing *Vancheri v. GNLV Corp.*, 105 Nev. 417, 421, 777 P.2d 366, 368 (1989).)  These presumptions impose on the party against whom they are directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence.  *Id*. (citing N.R.S. 47.180.).

In this case, the HOA Foreclosure Deed states in pertinent part as follows:

AGENT STATES THAT:
This conveyance is made pursuant to the powers granted to Rio Vista HOA and conferred upon appointed trustee by the provisions of Nevada Revised Statutes, the Rio Vista HOA governing documents (CC&R's) recorded as instrument number 0003021 Book 20060404 on April 4, 2006 and that certain Notice of Delinquent Assessment Lien recorded on October 26, 2009 instrument number 00361 Book 20091026 Official Records of CLARK County; and pursuant to NRS 117.070 et Seq. or NRS 116.3115 et Seq and NRS 116.3116 through 116.31168 et Seq.  The name of the owner(s) of the property (trustor) was: MARIA BARROGA & ANASTACIA CEPEDA

Default occurred as set forth in a Notice of Default and Election to Sell, recorded on January 12, 2010 as instrument 0001562 Book 20100112 which was recorded in the office of the recorder of said county.  Absolute Collection Services, LLC. Has complied with all requirements of law including, but not limited to, the elapsing of 90 days, mailing of copies of Notice of Delinquent Assessment and Notice of Default and the posting and publication of the Notice of Sale.  Said property was sold by said agent, on behalf of Rio Vista HOA at public auction on November 16, 2010 at the place indicated on the Notice of Sale.  Grantee being the highest bidder at such sale, became the purchaser of said property and paid therefore to said agent the amount bid $4,200.00 in lawful money of the United States, or by satisfaction, pro tanto, of the obligations then secured by the Delinquent Assessment Lien.

See Exhibit 7.  These recitals conclusively establish both the default by the Former Owners of the Property and the HOA's compliance with each of the notice requirements of NRS 116.31162 through 116.31168 for the HOA Foreclosure Sale. The recitals of the HOA Foreclosure Deed are conclusive as a matter of law pursuant to N.R.S. §116.31166(1).  Thus, it is conclusively established that the requirements of law related to the HOA Sale were complied with.   Pursuant to Nevada law, the First Deed of Trust was extinguished at the time of the HOA Foreclosure Sale and WFB thereafter no longer possessed any security interest in the Property.

In the case of *Pro-Max Corp. v. Feenstra*, 117 Nev. 90, 16 P.3d 1074 (2001), the district court refused to apply the conclusive presumption contained in NRS 106.240 because "[t]he district court determined that the legislature intended for the statute to protect bona fide purchasers." The Nevada Supreme Court reversed the district court's judgment and applied the

9986 Otterburn

statute as it was drafted, finding that the statute only protects bona fide purchasers and stated:

> We conclude that the statute is clear and unambiguous. That being the case, no further interpretation is required or permissible. Under the plain language of the statute, the deeds of trust are conclusively presumed to have been satisfied and the notes discharged. This conclusive presumption is plain, clear and unambiguous. **No limitation of the statute's terms to bona fide purchasers can be read into the statute.** (emphasis added)

117 Nev. at 95, 16 P.3d at 1078-79.  N.R.S. §116.31166(1) is no less clear.  As a result, the failure to apply the conclusive presumptions to the HOA Foreclosure Sale at issue herein would constitute error.

    NRS 47.240(6) likewise provides that conclusive presumptions include "[a]ny other presumption which, by statute, is expressly made conclusive."  Because NRS 116.31166 contains such an expressly conclusive presumption, the recitals in the HOA Foreclosure Deed are "conclusive proof" that the HOA complied with all notice and mailing requirements related to the HOA Foreclosure Sale.

    The conclusive presumption contained in NRS 116.31166 is consistent with the common law presumption that "[ a] nonjudicial foreclosure sale is presumed to have been conducted regularly and fairly; one attacking the sale must overcome this common law presumption 'by pleading and proving an improper procedure and the resulting prejudice.'" *Fontenot v. Wells Fargo Bank*, 198 Cal. App. 4th 256, 272, 129 Cal. Rptr. 3d 467 (2011).  Furthermore, "[t]he conclusive presumption precludes an attack by the trustor on a trustee's sale to a bona fide purchaser even though there may have been a failure to comply with some required procedure which deprived the trustor of his right of reinstatement or redemption." *Moeller v. Lien*, 25 Cal. App. 4th 822, 831, 30 Cal. Rptr. 777 (1994).  The detailed and comprehensive statutory requirements for a foreclosure sale are indicative of a public policy which favors a final and conclusive foreclosure sale as to the purchaser. See Miller & Starr, California Real Property 3d §10:210.

    In *SFR Investments Pool 1, LLC v. U.S. Bank*, 130 Nev. Ad. Op. 75 *7, 334 P.3d 408, 411-12 (2014), the Nevada Supreme Court recognized this "conclusive" effect of an HOA foreclosure deed when it stated:

> NRS 116.31164 addresses the procedure for sale upon foreclosure of an HOA lien and specifies the distribution order for the proceeds of sale. **A trustee's deed reciting compliance with the notice provisions of NRS 116.31162 through NRS 116.31168 "is conclusive" as to the recitals** "against the unit's former owner, his or her heirs and assigns, and all other persons." NRS 116.31166(2). And, "[t]he sale of a unit pursuant to NRS 116.311162, 116.31163 and 116.31164 vests in the purchaser the title of the unit's owner without equity or right of redemption. NRS 116.31166(3). (emphasis added)

As a result, no issues of fact exist regarding the unit owner's default, the giving of all required notices, or the extinguishment of WFB's subordinate deed of trust.

The United States District Court for the District of Nevada has also recognized the conclusiveness of the recitals of an HOA foreclosure deed by granting summary judgment quieting title in favor of a buyer at an HOA foreclosure sale over an objecting deed of trust holder in the matter of *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 8057 (D. Nev. Jan. 23, 2015). Specifically, Judge Philip Pro stated as follows:

> To conduct a foreclosure on this type of lien, an HOA must comply with certain notice requirements at certain time intervals, including mailing a notice of delinquent assessment, recording and mailing a notice of default and election to sell, and providing notice of the time and place of the sale. Nev. Rev. Stat. §§ 116.31162-116.311635. Contrary to the argument advanced by Wells Fargo, a deed which recites that there was a default, that the notice of delinquent assessment was mailed, that the notice of default and election to sell was recorded, that 90 days have lapsed between notice of default and sale, and that notice of the sale was given, is "conclusive proof of the matters recited." Id. §116.31166(1). A deed containing these recitals also "is conclusive against the unit's former owner, his or her heirs and assigns, and all other persons." Id. § 116.31166(2).

*Id*. at *9-10. As a result, Judge Pro rejected Wells Fargo's assertions that additional proof of notice was required and granted summary judgment quieting title in favor of the Bourne Valley Court Trust.

The undisputed facts surrounding this matter conclusively prove that the First Deed of Trust was extinguished at the time of the HOA Foreclosure Sale on November 17, 2010. Thereafter, WFB possessed no security interest upon which to foreclose. Thus, the subsequent Bank Foreclosure Sale on June 6, 2011, was invalid, unauthorized and void. As a result, the conveyance to HUD was also void, as was the subsequent transfer to Shirley C. Yfantis and Crystalia L. Yfantis. Likewise, the recording of the Evergreen Deed of Trust was unauthorized and void. Plaintiff remains the owner of the Property free and clear of any claim or interest of

9986 Otterburn

any of the Defendants hereto.

3.   **THE BANK FORECLOSURE SALE WAS VOID AND THEREFORE INEFFECTIVE FOR ANY AND ALL PURPOSES**

A void real estate transaction is one where the law deems that no transfer actually occurred.  An example of this is a deed from a party who does not own the real property that is purported to be the subject of the deed.  Such a transfer is ineffective for any and all purposes.  This is exactly the situation at hand where WFB purports to have foreclosed upon and sold the Property based upon an invalid, extinguished deed of trust.

An absolute nullity such as a void deed will not constitute color of title, and the Statute of Limitations will not run in favor of a person under it. *Nesbitt v. De Lamar's Nev. Gold Mining Co.*, 24 Nev. 273 (Nev. 1898)(Citations omitted).  Furthermore, a void deed will not connect a grantee with grantor's possession, nor will it constitute the basis of an action.  *Id*.  There can be no valid correction or confirmation of a void deed.  23 Am. Jur. 2d, Deeds, §287 (1965); 26 C.J.S., Deeds, §31 (1956).  A void deed is invalid in law for any purpose whatsoever, such as a deed to effectuate a prohibited transaction" 23 Am. Jur.2d, Deeds, §137.

A void deed cannot be the foundation of a good title and a bona fide purchaser for value acquires no rights under it.  *Marlenee v. Brown*, 21 Cal. 2d 668, 677 (Cal. 1943).  A void deed cannot pass title even in favor of an innocent purchaser or a bona fide encumbrancer for value. *First Interstate Bank v. First Wyoming Bank*, 762 P.2d 379, 382 (Wyo. 1988).  It is clearly well established law that a void deed grants no rights to the grantee.  This is confirmed by N.R.S. 107.080(5), which states in pertinent part as follows:

> 5. Every sale made under the provisions of this section and other sections of this chapter **vests in the purchaser the title of the grantor and any successors in interest without equity or right of redemption.**

Thus, NRS 107.080(5) specifically provides that "[e]very sale made under the provisions of this section and other sections of this chapter vests in the purchaser **the title of the grantor** and any successors in interest without equity or right of redemption." NRS 107.080(5) (Emphasis added).  The statute explicitly provides that a purchaser receives only that title that the grantor possesses to give.  In this case, WFB and its successors possessed no title to give because the

9986 Otterburn

First Deed of Trust was extinguished at the time of the HOA Foreclosure Sale. There was no valid basis for the Bank's Foreclosure Sale and WFB could thus convey nothing.

Because the First Deed of Trust was extinguished as a matter of law by the HOA Foreclosure Sale, WFB possessed no security interest upon which to foreclose. The fact that it nonetheless went through the motions of foreclosing is of no consequence. It was factually impossible for WFB to take any action that could have conceivably affected the Plaintiff's ownership of the Property. Plaintiff remains the title owner of the Property.

4. **EVEN IF THE BONA FIDE PURCHASER DOCTRINE WAS APPLICABLE, NO DEFENDANT HERETO QUALIFIES AS A BONA FIDE PURCHASER FOR VALUE**

It is likely that Defendants, Shirley C. Yfantis and Crystalia L. Yfantis, will assert that they are a bona fide purchasers for value and that their claimed interest in the Property is thus superior to that of the Plaintiff. As stated above, the bona fide purchaser doctrine is wholly inapplicable to a void deed. Thus, while Shirley C. Yfantis and Crystalia L. Yfantis may be "innocent" parties, the bona fide purchaser doctrine does not provide them with any defense. Even if the doctrine was applicable, Shirley C. Yfantis and Crystalia L. Yfantis would not qualify because they possessed actual or constructive notice of the Plaintiff's claims.

NRS 111.180 provides as follows:

> **Bona fide purchaser: Conveyance not deemed fraudulent in favor of bona fide purchaser unless subsequent purchaser had actual knowledge, constructive notice or reasonable cause to know of fraud.**
> 1. Any purchaser who purchases an estate or interest in any real property in good faith and for valuable consideration and who does not have actual knowledge, constructive notice of, or reasonable cause to know that there exists a defect in, or adverse rights, title or interest to, the real property is a bona fide purchaser.
> 2. No conveyance of an estate or interest in real property, or charge upon real property, shall be deemed fraudulent in favor of a bona fide purchaser unless it appears that the subsequent purchaser in such conveyance, or person to be benefited by such charge, had actual knowledge, constructive notice or reasonable cause to know of the fraud intended.

To entitle a party to the character of a bona fide purchaser, without notice, he must have acquired the legal title, and have actually paid the purchase money before receiving notice of the equity of another party. *Bailey v. Butner*, 64 Nev. 1, 14 (Nev. 1947). In this case, Shirley C. Yfantis and

9986 Otterburn

Crystalia L. Yfantis can never qualify as a bona fide purchasers for value because they possessed actual or constructive notice of the defects, adverse rights, title and interest to the Property prior to the time that they purchased the Property.

It is undisputed that the HOA caused its HOA Lien, Notice of Default and Election to Sell and Notice of Trustee's Sale to be recorded. *Complaint*, ¶26, 27, 29. See also Exhibits 4, 5, 6. It is further undisputed that on or about November 17, 2010, the HOA Foreclosure Deed was recorded in the Official Records of the Clark County Recorder as Instrument No. 201011170002193, vesting title to the Property in the name of the Plaintiff. *Id.*, ¶33. See also Exhibit 7.

NRS 111.320 provides as follows:

> **Filing of conveyances or other instruments is notice to all persons: Effect on subsequent purchasers and mortgagees.** Every such conveyance or instrument of writing, acknowledged or proved and certified, and recorded in the manner prescribed in this chapter or in NRS 105.010 to 105.080, inclusive, must from the time of filing the same with the Secretary of State or recorder for record, impart notice to all persons of the contents thereof; and subsequent purchasers and mortgagees shall be deemed to purchase and take with notice.

Shirley C. Yfantis and Crystalia L. Yfantis purport to have purchased the Property on or about January 13, 2012. Complaint, ¶60. However, it is patently obvious that prior to that time, the HOA and the Plaintiff caused various documents to be recorded which provided actual notice of the HOA Foreclosure Sale and the resulting ownership interest of the Plaintiff. Because the HOA Foreclosure Deed was recorded in the Office of the Clark County Recorder, pursuant to NRS §111.320, Shirley C. Yfantis and Crystalia L. Yfantis were imparted with notice of the contents thereof and Shirley C. Yfantis and Crystalia L. Yfantis must be deemed to have taken title to the Property with notice of this information.

Shirley C. Yfantis and Crystalia L. Yfantis may claim that they were ignorant of the fact that the First Deed of Trust was extinguished as a matter of law at the time of the HOA Foreclosure Sale. However, it has often been said that ignorance of the law does not constitute an excuse. The fact that Shirley C. Yfantis and Crystalia L. Yfantis may not have been understood the effect of the law provides them with no excuse and certainly does not serve to validate the Bank Foreclosure Sale which was founded upon a non-existent security interest. Nor

can the Defendants' ignorance provide them with a property right that does not otherwise exist.

For the same reasons set forth above, Wells Fargo and HUD also cannot qualify as a bona fide purchaser. Pursuant to N.R.S. 107.080(5), the Bank Foreclosure Sale served to transfer to WFB only the "title of the grantor." Because WFB possessed no right to transfer any title, the transfer of title to WFB and the subsequent transfer to HUD was ineffective. WFB and HUD also possessed actual or constructive notice of all of the recorded documents which gave notice of the adverse rights, title and interest of the Plaintiff in the Property.

5. **THE RECORDING OF THE EVERGREEN DEED OF TRUST WAS UNAUTHORIZED AND THUS VOID**

Defendants, Shirley C. Yfantis and Crystalia L. Yfantis, purported to purchase the Property with the aid of a mortgage loan from Evergreen. In association with this loan, Evergreen caused the Evergreen Deed of Trust to be recorded against the Property. However, because Shirley C. Yfantis and Crystalia L. Yfantis did not possess valid title to the Property at any point in time, the recording of the Evergreen Deed of Trust was unauthorized and thus void.

It goes without saying that one cannot grant a security interest in real property that one does not own. Like Shirley C. Yfantis and Crystalia L. Yfantis, Evergreen possessed actual or constructive notice of all of the recorded documents which gave notice of the adverse rights, title and interest of the Plaintiff in the Property. Its decision to nevertheless loan money to Shirley C. Yfantis and Crystalia L. Yfantis in furtherance of their attempted purchase of the Property cannot serve to grant it a security interest in the Property. The Evergreen Deed of Trust is void and without effect.

6. **THE DEFENDANTS ARE NOT WITHOUT REMEDIES**

Shirley C. Yfantis and Crystalia L. Yfantis, HUD and Evergreen are not without remedies. While none of said parties possess any rightful claim to the Property, they do possess remedies in the form of valid claims against WFB. As the party that purported to sell the Property without any right or authorization, WFB is liable for any and all damages that may have suffered by the various other defendants under a wide range of legal theories.

//

9986 Otterburn

### III.

### CONCLUSION

For the reasons set forth herein, summary judgment must be entered in favor of the Plaintiff, Las Vegas Development Group, LLC, confirming that (1) Plaintiff is the title owner of the Property; (2) the HOA Foreclosure Deed is valid and enforceable; (3) the HOA Foreclosure Sale extinguished the applicable Defendants' ownership and security interests in the Property; (4) the subsequent transfers of the Property were null, void and of no effect; and (5) Plaintiff's rights and interest in the Property are superior to any interest claimed by the Defendants. This result is necessary based upon the Nevada Supreme Court's decision in the matter of *SFR Investments*, which confirmed that the non-judicial foreclosure of an HOA Lien serves to extinguish all subordinate interests, including a first deed of trust.

The recitals of the HOA Foreclosure Deed are conclusive as a matter of law. As a result, there are no factual questions regarding the validity of the HOA Foreclosure Sale. Because the HOA Foreclosure Sale extinguished the First Deed of Trust, WFB possessed no security interest upon which to foreclose and the Bank Foreclosure Sale was void ab initio. All of the subsequent transfers of the Property were likewise void because a void deed cannot form a basis for good title. Summary Judgment must be entered in favor of the Plaintiff.

DATED this  2nd  day of September, 2015.

ROGER P. CROTEAU & ASSOCIATES, LTD.

/s/ *Timothy E. Rhoda*
ROGER P. CROTEAU, ESQ.
Nevada Bar No. 4958
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
9120 West Post Road, Suite 100
Las Vegas, Nevada 89148
(702) 254-7775
*Attorney for Plaintiff*
**LAS VEGAS DEVELOPMENT GROUP, LLC**

9986 Otterburn

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___2nd___ day of September, 2015, I served via the United States District Court CM/ECF electronic filing system, the foregoing **MOTION FOR PARTIAL SUMMARY JUDGMENT** to the following parties:

Terry A. Moore
Marquis & Aurbach
10001 Park Run Drive
Las Vegas, NV 89145
702-382-0711
tmoore@marquisaurbach.com
***Attorney for Defendants Evergreen Moneysource Mortgage Company, Crystalia L Y. Yfantis, and Shirley C. Yfantis***

Troy K. Flake
United States Attorney
333 Las Vegas Blvd So., Ste. 5000
Las Vegas, NV 89101-
702-388-6336
702-388-6787 (fax)
troy.flake@usdoj.gov
***Attorney for Defendant Secretary of the Department of Housing and Urban Development***

Gregory L Wilde
Tiffany & Bosco P.A.
212 South Jones Blvd.
Las Vegas, NV 89107
(702) 258-8200
(702) 258-8787 (fax)
efilenv@tblaw.com
***Attorney for Defendant National Default Servicing Corporation***

Justin A Shiroff
Snell & Wilmer LLP
3883 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
702-784-5200
702-784-5252 (fax)
jshiroff@swlaw.com
***Attorney for Defendant Wells Fargo Bank, N.A.***

  /s/ *Timothy E. Rhoda*
An employee of ROGER P. CROTEAU & ASSOCIATES, LTD.

**ROGER P. CROTEAU & ASSOCIATES, LTD.**
● 9120 W. Post Road, Suite 100 ● Las Vegas, Nevada 89148 ●
Telephone: (702) 254-7775 ●Facsimile (702) 228-7719

9986 Otterburn