DANIEL G. BOGDEN
United States Attorney
District of Nevada
TROY K. FLAKE
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: *troy.flake@usdoj.gov*
Attorneys for the United States.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LAS VEGAS DEVELOPMENT GROUP, LLC, a Nevada limited liability company,

Plaintiff,

v.

SHIRLEY C. YFANTIS, an individual, *et al.*,

Defendants.

Case No. 2:15-cv-01127-APG-CWH

**MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(1), the United States, on behalf of the Secretary of the Department of Housing and Urban Development, moves to dismiss Plaintiff's Second and Fourth Causes of Action seeking recovery for unjust enrichment and slander of title because the United States has not waived its sovereign immunity for these claims. Accordingly, the Court lacks jurisdiction to hear these claims and they should dismiss them with prejudice. This motion is supported by the accompanying memorandum of points and authorities.

Respectfully submitted this 19th day of October 2015.

DANIEL G. BOGDEN
United States Attorney

*/s/ Troy K. Flake*
TROY K. FLAKE
Assistant United States Attorney

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This case involves real property located at 9986 Otterburn Street, Las Vegas, Nevada 89178 (the "Property"). Plaintiff is seeking quiet title to the Property and also seeks to recover against the United States for unjust enrichment and slander of title. Plaintiff asserts several other causes of action against other parties. Because the United States has not waived its sovereign immunity, the Court lacks jurisdiction to hear Plaintiff's Second and Fourth Causes of Action seeking recovery for unjust enrichment and slander of title.

## II. BACKGROUND

According to the Complaint (ECF #1 Exh.), Defendants Maria Barroga and Anastasia Cepeda (Former Owners) acquired title to the Property on August 29, 2008. *Id*. at ¶ 17. The Property was subject to Covenants, Conditions and Restrictions of the Rio Vista Homeowners Association (the "HOA"). *Id*. at ¶¶ 12, 23. Wells Fargo became the beneficiary and owner of the First Deed of Trust on the Property. *Id*. at ¶ 21.

The Former Owners of the Property became delinquent in their HOA dues and the HOA recorded a Notice of Delinquent assessment, then a Notice of Default and Election to Sell. *Id*. at ¶¶ 26-27. On November 17, 2010, the HOA foreclosed on the Property pursuant to NRS § 116.3116. *Id*. at ¶ 31. Plaintiff purchased the Property at the HOA sale, and a Trustee's Deed Upon Sale was recorded on November 17, 2010. *Id*. at ¶ 33.

On January 4, 2011, Defendant Wells Fargo caused a Notice of Default and Election to Sell to be recorded, followed by a Notice of Trustee's Sale on April 8, 2011. *Id*. at ¶¶ 55-56. On June 6, 2011, Defendant National Default Servicing conducted a foreclosure sale. *Id*. at ¶ 57. Wells Fargo purchased the Property and caused a Trustee Deed to be recorded on June 14, 2011. *Id*. at ¶ 58.

On October 3, 2011, Wells Fargo transferred the Property to the United States. *Id*. at ¶ 59. The United States subsequently sold the Property to Defendants Shirley C. Yfantis and Crystalia L. Yfantis on January 13, 2012. *Id.* at ¶ 60. Defendant Evergreen provided the mortgage for the purchase, *Id*. at ¶ 61,

and recorded a Deed of Trust against the Property on January 13, 2012. *Id.* at ¶ 62.

Plaintiff filed this Quiet Title Action in Clark County District Court on May 18, 2015. On June 15, 2015, the United States removed the case to the United States District Court for the District of Nevada.

## III. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and a federal court is presumed to lack jurisdiction until proven otherwise. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Accordingly, the plaintiff always bears the burden of establishing the existence of subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377.

Under Fed. R. Civ. P. 12(b)(1), a defendant may challenge the complaint based on lack of subject matter jurisdiction. "Subject matter jurisdiction must exist as of the time the action is commenced." *Morongo Band of Mission Indians v. Cal. St. Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Additionally, "[t]he defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing Fed. R. Civ. P. 12(h)(3)).

A defendant asserting lack of jurisdiction can make a "facial" attack, which focuses on whether the allegations of the complaint sufficiently allege subject matter jurisdiction. *Whitehorn v. F.C.C.*, 235 F.Supp.2d 1092, 1095 (D. Nev. 2002). A defendant may also make a "factual" attack on the substance of the jurisdictional allegations. *Id.* When a defendant challenges jurisdictional facts, the court may hear and weigh extrinsic evidence, resolve factual disputes, and decide if it has subject matter jurisdiction without assuming the allegations in the complaint are true. *Id.* at 1096.

### B. Sovereign Immunity

The United States may only be sued where it has expressly waived its sovereign immunity by statute. *Block v. North Dakota*, 461 U.S. 273, 287 (1983). Whether the United States has waived its

immunity is a question of this court's subject matter jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("[T]he terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit."); *Duval Ranching Co. v. Glickman*, 965 F.Supp. 1427, 1444 (D. Nev. 1997) ("The absence of the United States' consent to be sued is a 'fundamental, jurisdictional defect' which negates our subject matter jurisdiction"). Accordingly, Rule 12(b)(1) mandates dismissal where a plaintiff cannot establish waiver of sovereign immunity.

## IV. ARGUMENT

### A. This Court Lacks Jurisdiction over Plaintiff's Unjust Enrichment Claim

When a party seeks recovery for unjust enrichment, and where there is no agreement founded upon a meeting of minds or convention between the parties, the claim proceeds under a quasi-contract theory of an agreement implied in law. *Hercules, Inc. v. United States*, 516 U.S. 417, 423 (1996). The United States has not waived its sovereign immunity for quasi-contractual claims for unjust enrichment. *Pesnell v. Arsenault*, 543 F.3d 1038, 1041 (9th Cir. 2008) (unjust enrichment claims against Government had been dismissed for lack of jurisdiction); *Anoruo v. Shinseki*, 2012 WL 3648448, at *3 (D. Nev. Aug. 23, 2012) *aff'd*, 569 F. Appx. 485 (9th Cir. 2014) ("unjust enrichment claim is futile because the United States has not waived its sovereign immunity").

In its Second Cause of Action, Plaintiff asserts that it "expended significant funds and resources in connection with the acquisition and maintenance of the property" (ECF #1 Exh. at ¶ 86). Plaintiff asserts that if it does not obtain quiet title to the Property, the United States would be unjustly enriched by obtaining and retaining the benefits of Plaintiff's expenditures with compensation to the Plaintiff. *Id*. at ¶¶ 87-90. Plaintiff does not assert that it has any written or implied-in-fact agreement with the United States relating to the Property.[1] Thus, Plaintiff's claim is that an agreement to pay should be implied in

[1] Even if Plaintiff could demonstrate some contract or agreement between it and the United States, this Court would still lack jurisdiction because Plaintiff's Complaint seeks more than $10,000 in damages for unjust enrichment. ECF #1 Exh. at p. 16, ¶ A. The Tucker Act, 28 U.S.C. § 1491(a), provides that "[t]he Court of Federal Claims has exclusive jurisdiction over non-tort claims against the United States in excess of $10,000." *Wilkins v. United States*, 279 F.3d 782, 786 (9th Cir. 2002).

law. The United States has not waived its sovereign immunity for this type of quasi-contract claim seeking recovery for unjust enrichment. Accordingly, this Court lacks jurisdiction over this claim and Plaintiff's Second Cause of Action should be dismissed.

**B. This Court Lacks Jurisdiction over Plaintiff's Slander of Title Claim**

The Federal Tort Claims Act ("FTCA") operates as a limited waiver of the United States' sovereign immunity for certain torts arising from the negligent acts and omissions of federal employees acting within the scope of their employment where a claim would exist under state law if the Government were a private party. *See* 28 U.S.C. §§ 1346(b)(1), 2671, *et seq*; *United States v. Gaubert*, 499 U.S. 315, 319 n.4 (1991). The FTCA is the exclusive remedy for tort actions against the federal government. *Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998). The FTCA's waiver of sovereign immunity is expressly limited and must be strictly construed in favor of the United States. *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995); *Vacek v. United States Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006).

The FTCA does not waive sovereign immunity for "[a]ny claim arising out of . . . slander, misrepresentation, deceit, or interference with contract rights," 28 U.S.C. § 2680(h). This exception includes claims for slander of title. *Antelline v. United States*, 2004 WL 2042945, at *3 (N.D. Cal. Sept. 13, 2004) (court lacked jurisdiction over FTCA claim for slander of title).

Further, the FTCA provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675(a). The requirement that claimants file a claim with a federal agency before filing suit is jurisdictional, cannot be waived, and is strictly interpreted. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir.), *cert. denied*, 531 U.S. 1037 (2000); *Hallett v. United States Dept. of Navy*, 850 F.Supp. 874, 882-83 (D. Nev. 1994).

Plaintiff's Fourth Cause of Action alleges that the United States disparaged and slandered Plaintiff's title to the Property with express or implied malice. ECF #1 Exh. at ¶¶ 110-111. The United

States has not waived its sovereign immunity for Plaintiff's claim of slander. Additionally, Plaintiff has not pled or otherwise demonstrated that it presented its claim for slander of title to the Department of Housing and Urban Development prior to filing this suit. Accordingly, this Court lacks jurisdiction over Plaintiff's slander of title claim and the Fourth Cause of Action should be dismissed.

## V. CONCLUSION

This Court lacks jurisdiction over Plaintiff's claims seeking recovery for unjust enrichment and slander of title because the United States has not waived its sovereign immunity for these claims. Accordingly, the Court should dismiss these claims with prejudice.

Respectfully submitted this 19th day of October 2015.

DANIEL G. BOGDEN
United States Attorney

*/s/ Troy K. Flake*
TROY K. FLAKE
Assistant United States Attorney

**PROOF OF SERVICE**

I, Troy K. Flake, certify that the following individuals were served with the **MOTION TO DISMISS** on following date and by the below identified method of service:

**Electronic Case Filing:**

Roger P. Croteau & Timothy E. Rhoda croteaulaw@croteaulaw.com

*Attorneys for Plaintiff Las Vegas Development Group, LLC*

Gregory L Wilde efilenv@tblaw.com

*Attorneys for National Default Servicing Corp.*

Terry A. Moore tmoore@marquisaurbach.com

*Attorneys for Shirley Yfantis, Crystalia Yfantis, Evergreen Moneysource Mortgage Company*

Justin A Shiroff jshiroff@swlaw.com

*Attorneys for Wells Fargo Bank NA*

Dated this 19th day of October 2015.

*/s/ Troy K. Flake*
TROY K. FLAKE
Assistant United States Attorney