# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAS VEGAS DEVELOPMENT GROUP, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SHIRLEY C. YFANTIS, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:15-cv-01127-APG-CWH<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>(Dkt. #12) |

　　　This is a dispute over property located at 9886 Otterburn Street in Las Vegas. The former owners purchased the property through a Federal Housing Authority ("FHA") insured loan secured by a first deed of trust encumbering the property. The property is located in a common-interest community and subject to assessments due to the homeowners association ("HOA"). When the former owners failed to pay the HOA assessments, the HOA foreclosed. Plaintiff Las Vegas Development Group, LLC ("LVDG") purchased the property at the HOA nonjudicial foreclosure sale.

　　　After the HOA foreclosure sale, the first deed of trust holder, defendant Wells Fargo Bank, N.A., foreclosed on the property because the original owners failed to make mortgage payments. Wells Fargo purchased the property at the foreclosure sale and then transferred it to the Department of Housing and Urban Development ("HUD"). HUD later transferred the property to defendants Shirley Yfantis and Crystalia Yfantis.

　　　LVDG brought suit to quiet title to the property, claiming it has superior title through the HOA foreclosure sale. LVDG contends that under *SFR Investments v. U.S. Bank*, 334 P.3d 408, 413-14 (Nev. 2014) (en banc), the HOA foreclosure sale extinguished the first deed of trust. LVDG argues the subsequent foreclosure sale by Wells Fargo therefore is void, as are the downstream transfers from Wells Fargo to HUD and from HUD to Shirley and Crystalia Yfantis.

1    Defendants Shirley Yfantis, Crystalia Yfantis, and Evergreen Moneysource Mortgage
2 Company move to dismiss the complaint, arguing the HOA cannot foreclose on federal property
3 because that would violate the Supremacy and Property Clauses of the Constitution.  Defendants
4 assert the FHA-insured mortgage is a federally protected property interest.  They contend that
5 because only Congress may dispose of federal property under the Property Clause, the HOA
6 foreclosure sale cannot extinguish a first deed of trust securing an FHA-insured loan.  They also
7 argue that allowing an HOA super-priority lien to extinguish first deeds of trust that secure FHA-
8 insured loans would impede FHA's home lending program.  They therefore contend that
9 Nevada's law is conflict preempted by federal law under the Supremacy Clause.

10   LVDG responds that HUD possessed no interest in the property before the HOA
11 foreclosure sale because HUD did not own or have a security interest in the property, it only
12 insured a mortgage.  LVDG also argues that even if HUD had a property interest at the time of
13 the HOA sale, these defendants lack standing to assert property interests on HUD's behalf.
14 Further, LVDG contends that even if HUD had a property interest that these defendants have
15 standing to assert, allowing Nevada's HOA foreclosure law to extinguish this deed of trust does
16 not conflict with the federal housing program because HUD will not suffer any loss.  LVDG
17 argues that under the applicable laws and regulations, HUD may recover any losses from Wells
18 Fargo because Wells Fargo failed to deliver good and marketable title when it allowed its security
19 interest to be extinguished by the HOA sale.

**A.  Property Clause**

The moving defendants lack prudential standing to raise the federal government's interests under the Property Clause. *Freedom Mortg. Corp. v. Las Vegas Dev. Grp., LLC*, 106 F. Supp. 3d 1174, 1180 (D. Nev. 2015).  HUD "is the best advocate of its *own* interests." *Id.* (quoting *The Wilderness Society v. Kane Cnty., Utah*, 632 F.3d 1162, 1172 (10th Cir. 2011)).  HUD was a defendant in this action and disclaimed any interest in the property while retaining its rights against other parties to this litigation. (Dkt. #57.)

/ / / /

A lack of standing generally ends the analysis, but some courts have suggested that "[q]uestions relating to prudential standing . . . may be pretermitted in favor of a straightforward disposition on the merits." *Grubbs v. Bailes*, 445 F.3d 1275, 1281 (10th Cir. 2006) (emphasis omitted); *but see Newdow v. Rio Linda Union Sch. Dist.*, 597 F.3d 1007, 1041 n.36 (9th Cir. 2010) (acknowledging that some courts have reached the merits without resolving prudential standing, but stating that "no court has ever bypassed a prudential standing question to rule in favor of the party lacking prudential standing, but attempting to invoke the court's subject matter jurisdiction as to the merits") (emphasis omitted).  Even if I addressed the merits without deciding the prudential standing question, I would reject the defendants' Property Clause argument. HUD's status at the time of the foreclosure sale was as an insurer of a mortgage, which "is far too attenuated to reasonably consider the HOA's foreclosure as disposing of '[p]roperty belong[ing] to the United States' in contravention of the Property Clause." *Freedom Mortg. Corp.*, 106 F. Supp. 3d at 1182 (quoting U.S. Const. art. IV, § 3, cl. 2.)  Unlike in *Freedom Mortgage*, here the first deed of trust holder later transferred the mortgage to HUD.  Nevertheless, it is undisputed that at the time of the HOA sale, HUD was only an insurer and did not own the property or the first deed of trust.  HUD may have remedies against Wells Fargo based on applicable statutes and regulations if Wells Fargo did not transfer good marketable title to HUD. *See, e.g.*, 24 C.F.R. §§ 203.363(b), 203.366.  But that transfer took place after the HOA foreclosure sale and could not retroactively convert HUD's status as an insurer into a federal property interest under the Property Clause.

To the extent HUD had some contingent interest in the property prior to the HOA foreclosure sale, the HOA foreclosure sale did not extinguish that interest in contravention of federal rights under the Property Clause.  Rather, HUD decided that any interest it would have in the property through its loan insurance program would be conditioned on the insured lender delivering good marketable title. *See id.*; *see also* 12 U.S.C. § 1710(a)(1)(B) (authorizing the Secretary to pay mortgage insurance upon the "prompt conveyance to the Secretary of title to the property which meets the standards of the Secretary . . .").  HUD anticipated that HOA

1 foreclosures of super-priority liens may affect whether a lender could meet that condition, and it
2 warned its lenders to ensure that they maintained good marketable title by paying off super-
3 priority liens. *See Freedom Mortg.*, 106 F. Supp. 3d at 1184-85 & nn.51 & 56 (citing HUD
4 Mortgagee Letters 2013-08, 2002-19, 2012-11, & 2012-14).  Thus, allowing an HOA super-
5 priority foreclosure sale to extinguish the first deed of trust securing an FHA-insured loan does
6 not contravene federal decisions about the disposition of HUD's interest (to the extent one
7 existed) because HUD decided to (1) condition its payment of mortgage insurance on the lender
8 transferring good marketable title and (2) place the burden of maintaining good marketable title
9 on its insured lenders.  The HOA foreclosure sale destroyed only the contingency through which
10 HUD's interest could ripen based on a condition that HUD itself imposed and a result that HUD
11 anticipated and warned its insured lenders against.  Therefore, to the extent that foreclosure of an
12 HOA super-priority lien extinguishes a HUD contingent interest in the property, it does so
13 because of HUD's own decisions about how to manage its loan insurance program and the pre-
14 conditions HUD put in place.  Accordingly, I deny the defendants' motion based on the Property
15 Clause.

### B.  Supremacy Clause

There is no conflict preemption under the Supremacy Clause.  A state law may be conflict preempted (1) "where it is impossible for a private party to comply with both state and federal law" or (2) "where the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1023 (9th Cir. 2013) (quotation omitted).  As explained more fully in *Freedom Mortgage*, "[n]either circumstance exists here because the lender controls its ability to comply with both state law and the federal program, and because Nevada's superpriority law for HOA-assessment foreclosures is no obstacle to the purpose and objective of HUD's program." *Freedom Mortg.*, 106 F. Supp. 3d at 1183.

/ / / /

/ / / /

**C. Conclusion**

IT IS THEREFORE ORDERED that defendants Shirley Yfantis, Crystalia Yfantis, and Evergreen Moneysource Mortgage's motion to dismiss **(Dkt. #12) is DENIED**.

DATED this 10th day of March, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE