UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAS VEGAS DEVELOPMENT GROUP, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SHIRLEY C. YFANTIS, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:15-cv-01127-APG-CWH<br><br>**ORDER APPROVING DECLARATION OF NON-MONETARY STATUS AND OVERRULING OBJECTION**<br><br>(ECF Nos. 71, 73) |

Defendant National Default Servicing Corporation has filed a declaration of non-monetary status pursuant to Nevada Revised Statutes § 107.029. Plaintiff Las Vegas Development Group, LLC filed an objection.

Having considered the parties' papers and the arguments at the April 19, 2016 hearing, I approve the declaration and I overrule the objection. Under § 107.029(1),

> If the trustee under a deed of trust is named in an action in which the deed of trust is the subject and the trustee has a reasonable belief that he or she has been named in the action solely in his or her capacity as trustee and not as a result of any wrongful act or omission made in the performance of his or her duties as trustee, the trustee may, at any time, file a declaration of nonmonetary status.

Other parties to the lawsuit may file an objection within 15 days. Nev. Rev. Stat. § 107.029(3). "Any objection filed pursuant to this subsection must set forth the factual basis on which the objection is based and must be served on the trustee." *Id.*

If another party timely objects, the court must "promptly examine the declaration of nonmonetary status and the objection" and rule on "the validity of the objection." *Id.* § 107.029(3). "If the court determines the objection is valid, the trustee is required to participate in the action." *Id.* § 107.029(4). If, on the other hand, no objection is timely filed or "the court determines the objection is invalid, the trustee is not required to participate any further in the action and is not subject to any money damages or attorney's fees or costs, except that the trustee

1 is required to respond to any discovery request as a nonparty participant and is bound by any
2 court order relating to the deed of trust." *Id.* § 107.029(5).

3 Here, the trustee has filed the requisite declaration. ECF No. 71. LVDG objects, arguing that it has alleged in the complaint that National Default engaged in wrongful conduct by foreclosing on a deed of trust that was previously extinguished by the homeowners association's ("HOA") nonjudicial foreclosure sale. However, the complaint alleges claims against National Default based solely on its status as a trustee under the deed of trust for performance of its duties as trustee. There is no allegation National Default engaged in wrongful conduct such as failing to give proper notice or to follow proper procedures.

Rather, LVDG argues the beneficiary of the deed of trust, Wells Fargo Bank, N.A., had no lien to foreclose and therefore the trustee's foreclosure was improper. Section 107.029 was designed to keep the trustee out of wrongful foreclosure suits and other civil actions where it is not alleged to have engaged in some independent misconduct beyond simply following the direction to foreclose. LVDG's dispute in this action is with Wells Fargo, not National Default. If LVDG's position were accepted, the exception would swallow the rule and the trustee would rarely be able to utilize the mechanism the Nevada Legislature designed specifically to allow a trustee to avoid costly litigation where it is sued in its official capacity as trustee and has not committed an independent wrong in that capacity.

IT IS THEREFORE ORDERED that National Default Servicing Corporation's declaration of non-monetary status **(ECF No. 71) is approved**. National Default Servicing Corporation is not required to participate any further in this action and is not subject to any money damages or attorney's fees or costs, except that it is required to respond to any discovery request as a nonparty participant and is bound by any court order relating to the deed of trust.

IT IS FURTHER ORDERED that plaintiff Las Vegas Development Group, LLC's objection **(ECF No. 73) is overruled**.

DATED this 25th day of April, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE