1 | **Marquis Aurbach Coffing**
2 | Terry A. Moore, Esq.
   | Nevada Bar No. 7831
   | Adele V. Karoum, Esq.
3 | Nevada Bar No. 11172
   | 10001 Park Run Drive
4 | Las Vegas, Nevada 89145
   | Telephone: (702) 382-0711
5 | Facsimile: (702) 382-5816
   | tmoore@maclaw.com
6 |   Attorneys for Defendants
   |   Shirley C. Yfantis, Crystalia L. Yfantis &
7 |   Evergreen Moneysource Mortgage Company

8 | **UNITED STATES DISTRICT COURT**

9 | **DISTRICT OF NEVADA**

10 | LAS VEGAS DEVELOPMENT GROUP, LLC,
    | a Nevada limited liability company,
11 |                                                      Case No.:      2:15-cv-01127-APG-CWH
    |                 Plaintiff,
12 |
    |       vs.
13 |
    | SHIRLEY C. YFANTIS, an individual;
14 | CRYSTALIA L. YFANTIS, an individual;
    | WELLS FARGO BANK, NA, a National
15 | Banking Association; NATIONAL DEFAULT
    | SERVICING CORPORATION, an Arizona
16 | corporation; MARIA BARROGA, an individual;
    | ANASTACIA CEPEDA, an individual,
17 | SECRETARY OF THE DEPARTMENT OF
    | HOUSING AND URBAN DEVELOPMENT, a
18 | federal governmental agency; EVERGREEN
    | MONEYSOURCE MORTGAGE COMPANY, a
19 | Washington corporation; DOE individuals I      **ANSWER, CROSS-CLAIM,**
    | through XX; and ROE Corporations I through      **COUNTERCLAIM AND**
20 | XX,,                                                  **THIRD PARTY COMPLAINT**
21 |                 Defendants.

22 | SHIRLEY   C.   YFANTIS,   an   individual;
    | CRYSTALIA   L.   YFANTIS,   an   individual;
23 | EVERGREEN MONEYSOURCE MORTGAGE
    | COMPANY, a Washington corporation,
24 |
    |                 Counterclaimants,
25 |
    |       vs.
26 |
    | LAS VEGAS DEVELOPMENT GROUP, LLC,
27 | a Nevada limited liability company,
28 |                 Counterdefendant,

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:09531-043 2793682_1 5/10/2016 3:51 PM

SHIRLEY C. YFANTIS, an individual; CRYSTALIA L. YFANTIS, an individual; EVERGREEN MONEYSOURCE MORTGAGE COMPANY, a Washington corporation,

Cross-Claimants,

vs.

WELLS FARGO NA, a National Banking Association,

Cross-Defendant.

SHIRLEY C. YFANTIS, an individual; CRYSTALIA L. YFANTIS, an individual; EVERGREEN MONEYSOURCE MORTGAGE COMPANY, a Washington corporation,

Third Party Plaintiff,

vs.

SECRETARY OF HOUSING AND URBAN DEVELOPMENT, a federal governmental agency,

Third Party Defendant.

## **ANSWER**

Defendants Shirley C. Yfantis, Crystalia L. Yfantis, and Evergreen Moneysource Mortgage Company (hereinafter "Defendants") by and through their attorneys of record, the law firm of Marquis Aurbach Coffing, hereby answer Plaintiff's Complaint as follows:

1.      In answering Paragraphs 7, 8, 9, 17, 18, 19, 20, 21, 22, 23, 27, 55, 56, 57, 58, 59, 60, 61, 62, 75, 77, 106, 107, and 108 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

2.      In answering Paragraphs 13, 14, 15, 16, 24, 34, 44, 47, 51, 52, 53, 54, 63, 64, 65, 66, 67, 69, 70, 71, 72, 73, 74, 76, 78, 79, 80, 81, 82, 83, 84, 86, 87, 88, 89, 90, 91, 92, 94, 95, 96, 97, 98, 99, 100, 101, 102, 104, 105, 109, 110, 111, 112, and 113 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

MAC:09531-043 2793682_1 5/10/2016 3:51 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

3.      In answering Paragraphs 1, 2, 3, 4, 5, 6, 10, 25, 28, 30, 31, 32, 35, 38, 39, 40, 41, 42, 43, 45, 46, 48, and 49 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same.

4.      In answering Paragraph 11, 68, 71, 85, 97, and 103 of Plaintiff's Complaint, Defendants repeat and re-allege each and every response thereto as to any remaining allegations not specifically responded to, Defendants deny the same.

5.      In answering Paragraph 12, Defendants admit that a Declaration was recorded on or about April 4, 2006 with the Clark County Recorder's Office.  Defendants deny all remaining allegations contained therein.

6.      In answering Paragraph 26, Defendants admit that a Notice was recorded on or about October 26, 2009 with the Clark County Recorder's Office. Defendants deny all remaining allegations therein.

7.      In answering Paragraph 29, Defendants admit that a Notice of Trustee's Sale was recorded with the Clark County Recorder's Office.  Defendants deny all remaining allegations contained therein.

8.      In answering Paragraph 33, Defendants state that paragraph 33 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that a document titled Trustee's Deed Upon Sale was recorded on or about November 17, 2010 with the Clark County Recorder's Office.  Defendants deny all remaining allegations contained therein.

9.      In answering Paragraphs 36, 37, and 50, Defendants state that the allegations contained therein are recitations of statute to which no response is required.  To the extent a response is required, Defendants deny all remaining allegations contained therein

10.      In answering Paragraph 93, Defendants state that the allegations contained therein are inapplicable to these answering Defendants; however, Defendants repeat and re-allege each and every response thereto as to any remaining allegations not specifically responded to, Defendants deny the same.

MAC:09531-043 2793682_1 5/10/2016 3:51 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

11.     In answering Paragraphs 114-140 of the Complaint, the Court dismissed these causes of action in its March 24, 2016 Order Granting in Part and Denying in Part Defendant Wells Fargo's Motion to Dismiss (ECF No. 72), therefore no response is required.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to exercise reasonable care and diligence to mitigate, minimize or avoid their alleged damages, and any recovery which may be awarded to Plaintiff in this action should be reduced accordingly.

2.     Plaintiff is not equitably entitled to obtain an equitable mortgage imposed against the Property in favor of Plaintiff.

3.     To the extent that answering Defendants have not received any significant monetary gain or proceeds, the Plaintiff is not equitably entitled to any proceeds under a theory of equitable mortgage.

4.     The Claims of Plaintiff are barred as a result of lack of good faith.

5.     Answering Defendants at all times herein acted reasonably and in good faith in discharging their obligations and duties, it any.

6.     The claims are barred by Plaintiff's unclean hands.

7.     Plaintiff has failed to state a claim against these answering Defendants upon which relief can be granted.

8.     Plaintiff has failed to join indispensable parties.

9.     Any and all damages sustained by Plaintiff are the result of negligence, breach of contract and breach of warranty, express and/or implied of third party over whom this answering Defendants have no control.

10.     All or part of the damages claimed by Plaintiff are speculative, are not supported by proof, and are not compensable as a matter of law.

11.     Plaintiff is not entitled to rescind the contract.

12.     Plaintiff is not equitably entitled to obtain any money from Defendants.

13.     Defendants performed no acts or omission in relation to their dealing with Plaintiff that could warrant the imposition of punitive or exemplary damages.

Page 4 of 21

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

14.     Defendants have committed no acts of oppression, fraud, or malice, whether express or implied.

15.     Defendants did not breach their duties, if any, owed to the Plaintiff.

16.     The HOA lien was satisfied and/or the Complaint is barred by the doctrines of tender, laches, waiver and estoppel.

17.     Plaintiff failed to satisfy conditions precedent to enforcement of its claims, if any.

18.     Any damages allegedly suffered by Plaintiff were the result of Plaintiff's actions, or the actions solely of third parties over whom the Purchaser and Lender exercised no control.

19.     The HOA lien recorded against the Property did not comply with Chapter 116 of the Nevada Revised Statutes in that the lien amount exceeded the charges incurred by the HOA on the unit in question pursuant to NRS§116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the HOA pursuant to NRS 116.3115 which allegedly became due during the nine (9) months immediately preceding institution of an action to enforce the lien.

20.     In connection with the actions taken to foreclose the HOA lien in question, Chapters 116 and 107 of the Nevada Revised Statutes were not complied with.

21.     Plaintiff is not a bona fide purchaser for value, having purchased the Property with record notice of the deed of trust record against the Property.

22.     The foreclosure sale associated with the HOA lien did not eliminate the Deed of Trust, such that any interest the Plaintiff acquired from the HOA is subject to and junior to the Purchaser and Lender's interest in the Property.

23.     The sale whereby Plaintiff purportedly acquired its interest in the real Property in question was commercially unreasonable and unfair.

24.     Plaintiff's actions are not maintainable because it has failed to pay the debt owed on the Property.

25.     Defendants cannot be deprived of their property interest in violation of the Due Process Clause of the 14th Amendment of the United States Constitution and Article 1, Section 8 of the Nevada Constitution.

MAC:09531-043 2793682_1 5/10/2016 3:51 PM

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

26. The relief that Plaintiff requests is preempted and prevented by Federal Law (Supremacy, Contracts, Takings and Property Clause).

27. Plaintiff's damages, if any, are barred in whole or in part by the economic loss doctrine,

28. NRS § 116.3116 does not support Plaintiff's position that it has superior title to the Property.

29. To the extent that Plaintiff's interpretation of NRS 116.3116 is accurate, Chapter 116 as a whole is void for vagueness as applied in this matter.

30. Defendants have been required to retain the services of an attorney because of the pursuit of this action by Plaintiff and have been damaged as a result thereof in the amount of their attorney's fees and costs incurred and to be incurred. Defendants are entitled to recover these attorney's fees and costs from Plaintiff so far as permitted under Nevada law.

31. Defendants took title to the Property in good faith and for reasonably equivalent value.

32. Defendants are bona fide purchasers and/or bona fide encumbrancers who acquired title and /or their interest in the Property in question without notice of any claims or interest being asserted by Plaintiff.

33. All possible affirmative defenses may not have been alleged herein, in so far as sufficient facts were not available after a reasonable inquiry upon the filing of this Answer, Cross-claim and Third Party Complaint; therefore, these Defendants reserve the right to amend their answer to allege additional affirmative defenses if subsequent investigations so warrant.

WHEREFORE, Defendants pray that this Court enter judgment as follows:

1. That Plaintiff take nothing by way of its Complaint;

2. That Defendants be awarded their attorney fees and costs of suit; and

3. That Defendants receive such other and further relief as this Court deems just and proper.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:09531-043 2793682_1 5/10/2016 3:51 PM

1

2
3
4
5
6
7
8

9
10

11
12

13
14

15
16

17
18

19
20

21
22
23

24

25
26
27

28

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

Defendants/Counterclaimants/Cross-Claimants/Third Party Plaintiffs Shirley C. Yfantis and Crystalia L. Yfantis and Evergreen Moneysource Mortgage Company ("Evergreen")(collectively referred to hereinafter as "Yfantis"), by and through their counsel of record, Marquis Aurbach Coffing, files (i) a counterclaim against Las Vegas Development Group, LLC, (ii) cross-claims against Defendant/Cross-Defendant Wells Fargo Bank, NA, a National Banking Association,  ("Wells Fargo"), and (iii) a third-party complaint against the Secretary of the Department of Housing and Urban Development ("HUD") as follows:

## PARTIES, JURISDICTION, VENUE AND FACTS COMMON TO ALL COUNTERCLAIMS, CROSS-CLAIMS AND THIRD PARTY CLAIMS

1.      Shirley C. Yfantis was at the time of the events at issue herein, a resident of Clark County, Nevada.

2.      Crystalia L. Yfantis was at the time of the events at issue herein, a resident of Clark County, Nevada.

3.      Evergreen Moneysource Mortgage Company was at the time of the events at issue herein a Washington corporation.

4.      Upon information and belief, LAS  VEGAS  DEVELOPMENT  GROUP,  LLC ("LVDG") is a Nevada limited liability company, doing business in Nevada.

5.      Upon information and belief, WELLS FARGO BANK NA, a National Banking Association ("Wells Fargo"), is a national banking association, doing business in Nevada.

6.      Upon information and belief, the Secretary of Housing and Urban Development ("HUD") is a federal government agency, authorized to do business and doing business in Nevada.

## GENERAL ALLEGATIONS

7.      On or about August 29, 2008, Maria Barroga and Anastasia Cepeda ("the Former Owners") obtained title to the Property located at 9986 Otterburn Street, Las Vegas, Nevada 89178, APN: 176-28-613-097 (the "Property").

MAC:09531-043 2793682_1 5/10/2016 3:51 PM

8.      Upon information and belief, the Former Owners obtained a loan secured by the Property, in the amount of $199,186.00 from Hillsborough Lending, LLC for the purchase of the Property.

9.      Upon information and belief, Hillsborough Lending LLC recorded its Deed of Trust on August 29, 2008 in the official records of Clark County, Nevada (the "Deed of Trust").

10.     Upon information and belief, on or about September 5, 2008, Hillsborough Lending LLC assigned the Deed of Trust to Wells Fargo, which was recorded on or about that same date.

11.     According to its terms, the Deed of Trust was insured by the Federal Housing Administration ("FHA").

12.     On or about November 17, 2010, a Foreclosure Deed was recorded in the Clark County Recorder's Office purportedly related to a November 10, 2010 foreclosure of a delinquent assessment lien asserted by the Former Owner's homeowner's association (the "HOA Foreclosure").

13.     Upon information and belief, the entities that conducted the HOA Foreclosure failed to give notice, and/or failed to give constitutionally adequate notice to all of the necessary parties of the notices related to the HOA Foreclosure, and failed to adequately specify the requisite information related to the information required to be disclosed by Federal and/or State law.

14.     LVDG purports to have obtained title to the Property as a result of the HOA Foreclosure.

15.     Upon information and belief, the Property was not acquired by LVDG for a commercially reasonable value and the circumstances related to LVDG's acquisition were unconscionable and/or did not comport with the requirements of Federal and/or State law.

16.     The Property had an approximate fair market value well in excess of the purchase price paid by LVDG.

17.     On or about January 4, 2011, Wells Fargo caused a Notice of Default and Election to Sell to be recorded in the Official Records of the Clark County Recorder's Office.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:09531-043 2793682_1 5/10/2016 3:51 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

18.     On or about April 8, 2011, Wells Fargo caused a Notice of Trustee's Sale to be recorded in the Official Records of the Clark County Recorder's Office.

19.     On or about June 6, 2011, Wells Fargo proceeded with a foreclosure sale based upon its deed of trust.

20.     Upon information and belief, Wells Fargo purchased the Property at its foreclosure sale and on June 14, 2011 caused a Trustee Deed to be recorded in the Official Records of the Clark County Recorder's Office.

21.     Upon information and belief, on or about October 3, 2011, Wells Fargo transferred the Property to HUD by deed recorded in the Official Records of the Clark County Recorder's Office.

22.     On or about January 13, 2012, Shirley and Crystalia Yfantis purchased the Property from HUD for the price of $110,000.00 and a Deed was recorded in Book No. 20120113, Instrument No. 2681 of the Official Records of the Clark County Recorder.

23.     On or about January 13, 2012, Evergreen recorded a Deed of Trust securing its loan to the Yfantis' in Book No. 20120113, Instrument No. 2683 of the Official Records of the Clark County Recorder (the "Evergreen Deed of Trust").

24.     The loan secured by the Evergreen Deed of Trust has subsequently been assigned to Wells Fargo.

25.     Based upon the HOA's invalid foreclosure on the Property, LVDG has no right, title or interest in the Property and title to the Property is vested in Yfantis, free and clear of any interest of the HOA, LVDG or any other party claiming title through the HOA Sale, but subject to the Evergreen Deed of Trust.

26.     In the event Yfantis' and Evergreen's interests in the Property are not reaffirmed or restored, they will suffer damages as a proximate result of LVDG, Wells Fargo's, and HUD's acts and omissions.

///

///

///

MAC:09531-043 2793682_1 5/10/2016 3:51 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

# COUNTERCLAIM

## FIRST CAUSE OF ACTION

### (Quiet Title / Declaratory Relief as to LVDG)

27.     Yfantis repeats, re-alleges, and incorporates each and every paragraph contained above as though fully set forth herein.

28.     Upon information and belief, LVDG claims an interest in the Property following the HOA sale, as might other parties in this litigation, that are adverse to Yfantis' interest in the Property.

29.     Based on adverse claims being asserted by the parties, a judicial determination regarding the rights and interests of the respective parties in the counterclaim, cross claim and third-party claim is appropriate.

30.     Pursuant to NRS § 30.010 et. seq., NRS § 40.010, and FRCP Rule 57, this court has the power and authority to declare Yfantis' rights and interests in the Property and to resolve the adverse claim(s) to the Property.

31.     This Court has the power and authority to declare the rights and interests of the parties as a result of Wells Fargo conducting the Foreclosure Sale and/or HUD selling the Property to Yfantis and Evergreen securing its loan with a deed of trust recorded against the Property.

32.     For all the reasons set forth above, Yfantis is entitled to a determination from this Court, that the HOA Sale, including the subsequent deed to LVDG, was unlawful, void and should be set aside; leaving Yfantis as the undisputed title owner of the Property, subject to Evergreen's first position deed of trust.

## SECOND CAUSE OF ACTION

### (Unjust Enrichment as to LVDG)

33.     Yfantis repeats, re-alleges, and incorporates each and every paragraph contained above as though fully set forth herein.

34.     Yfantis acquired the Property from HUD for value, in good faith, and without knowledge of any prior interest.

MAC:09531-043 2793682_1 5/10/2016 3:51 PM

35.     Upon taking ownership of the Property, Yfantis have paid taxes, insurance or homeowners association assessments, as well as made numerous improvements upon the Property totaling in excess of $10,000.

36.     The principle of justice, equity and good conscience require that such funds be returned to Yfantis should LVDG prevail in its quiet title action.

37.     In the event LVDG obtains an outcome in its favor to its quiet title action, LVDG will have been unjustly enriched as a result of the taxes, insurance, assessments, and improvements made on the Property that were paid for by Yfantis, while also benefiting from the unlawful HOA sale (retaining funds and/or an interest in the Property), and further depriving Yfantis of their property interest.

38.     Yfantis has been required to engage the services of an attorney in these proceedings and have incurred attorney fees that were a reasonable foreseeable consequence and a necessary and proximate result of the conduct alleged above and therefore Yfantis is entitled to reimbursement from LVDG for those reasonable attorney fees and costs incurred herein.

## CROSS-CLAIM

### FIRST CAUSE OF ACTION

#### (Declaratory Relief as to Wells Fargo)

39.     Yfantis repeat, re-allege, and incorporate each and every paragraph contained above as though fully set forth herein.

40.     Upon information and belief, LVDG claims an interest in the Property following the HOA sale, as might other parties in this litigation, that are adverse to the interests of Yfantis' interest in the Property.

41.     Based on adverse claims being asserted by the parties, a judicial determination regarding the rights and interests of the respective parties in the counterclaim, cross claim and third-party claim is appropriate.

42.     Pursuant to NRS § 30.010 et. seq., NRS § 40.010, and FRCP Rule 57, this court has the power and authority to declare Yfantis' rights and interests in the Property and to resolve the adverse claim(s) to the Property.

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:09531-043 2793682_1 5/10/2016 3:51 PM

43.     This Court has the power and authority to declare the rights and interests of the parties as a result of Wells Fargo conducting the Foreclosure Sale and purporting to convey the Property to HUD, resulting in the subsequent sale of the Property to Yfantis.

44.     For all the reasons set forth above, to the extent that LVDG is found to possess any valid interest in this Property, Yfantis is entitled to determination from this Court that Wells Fargo is obligated to reimburse Yfantis for any and all damages they may sustain as a result of this matter.

45.     Yfantis has been required to engage the services of an attorney in these proceedings and have incurred attorney fees that were a reasonable foreseeable consequence and a necessary and proximate result of the conduct alleged above and therefore Yfantis is entitled to reimbursement from Wells Fargo for those reasonable attorney fees and costs incurred herein.

## SECOND CAUSE OF ACTION

### (Equitable Indemnification against Wells Fargo)

46.     Yfantis repeat, re-allege, and incorporate all the allegations above as though fully set forth herein.

47.     The damages of which Plaintiff claims against Yfantis, if true, result from, either whole or in part, the acts and/or omissions of Wells Fargo.

48.     In equity and good conscience, Yfantis is entitled to the indemnity implied by virtue of the involvement of Wells Fargo with the sale of the Property following the HOA foreclosure sale, and Wells Fargo's responsibility, duty, and/or obligation to avoid such acts and/or omissions.

49.     LVDG's claims against Yfantis arise as a result of Wells Fargo's and/or HUD's actions, and any resulting damages suffered by Yfantis in this matter similarly arise from those actions.

50.     As a direct and proximate cause of Wells Fargo's actions, Yfantis has been damaged in an amount in excess of $10,000.00.

51.     Yfantis has been required to engage the services of an attorney in these proceedings and have incurred attorney fees that were a reasonable foreseeable consequence and

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:09531-043 2793682_1 5/10/2016 3:51 PM

a necessary and proximate result of the conduct alleged above and therefore Yfantis is entitled to reimbursement from Wells Fargo for those reasonable attorney fees and costs incurred herein.

### THIRD CAUSE OF ACTION

### (Contribution against Wells Fargo)

52.     Yfantis repeats, re-alleges, and incorporates all the allegations above as though fully set forth herein.

53.     Based on the acts and/or omissions of Wells Fargo, if a judgment is rendered on behalf of the Plaintiff against Yfantis, Yfantis is entitled to contribution from Wells Fargo in an amount proportionate to the amount of fault, responsibility, and/or fault attributable to Wells Fargo.

54.     Yfantis' claims against Wells Fargo arise as a result of HUD's and/or Wells Fargo's actions and the resulting damage allegedly arising from those sales.

55.     As a direct and proximate cause of Wells Fargo's actions, Yfantis has been damaged in an amount in excess of $10,000.00.

56.     Yfantis has been required to engage the services of an attorney in these proceedings and has incurred attorney fees that were a reasonable foreseeable consequence and a necessary and proximate result of the conduct alleged above and therefore Yfantis is entitled to reimbursement from Wells Fargo for those reasonable attorney fees and costs incurred herein.

### THIRD PARTY COMPLAINT

Defendants/Third Party Plaintiff Claimants Shirley C. Yfantis and Crystalia L. Yfantis and Evergreen Moneysource Mortgage Corporation (hereinafter "Third Party Plaintiffs"), by and through their counsel of record, Marquis Aurbach Coffing, allege their Third Party Claims ("Third Party Claims") against Third Party Defendant Secretary of Housing and Urban Development, a federal governmental agency ("Third Party Defendant") as follows:

### FIRST CAUSE OF ACTION

### (Declaratory Relief as to HUD)

57.     Third Party Plaintiffs repeat, re-allege, and incorporate each and every paragraph contained above as though fully set forth herein.

MAC:09531-043 2793682_1 5/10/2016 3:51 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

58.     Upon information and belief, LVDG claims an interest in the Property following the HOA sale, which is adverse to the Third Party Plaintiffs' interests in the Property.

59.     Based on adverse claims being asserted by LVDG, a judicial determination regarding the rights and interests of the respective parties in the counterclaim, cross claim and third-party claim is appropriate.

60.     Pursuant to NRS § 30.010 et. seq., NRS § 40.010, and FRCP Rule 57, this court has the power and authority to declare Third Party Plaintiffs' rights and interests in the Property and to resolve the adverse claim(s) to the Property.

61.     This Court has the power and authority to declare the rights and interests of the parties as a result of HUD selling the Property to Third Party Plaintiffs.

62.     More specifically, on or about January 13, 2012, HUD sold the Property to the Yfantis' and based upon said sale, Evergreen loaned approximately $88,000 to the Yfantis' and secured that loan with the Evergreen Deed of Trust recorded against the Property.

63.     Third Party Plaintiffs relied upon the representations and statements of HUD related to its rights, title and interest in the Property and its ability to convey good and marketable title to the Property to Third Party Plaintiffs.

64.     Contrary to the representations and statements of HUD as to its ability to convey good and marketable title to the Property, LVDG has filed the instant action contending that HUD had no right, title and interest in the Property that it could convey to Third Party Plaintiffs.

65.     For all the reasons set forth above, in the extent that LVDG is found to possess any valid interest in this Property, Third Party Plaintiffs are entitled to determination from this Court that they are entitled to both legal and equitable remedies against HUD as a result of its misrepresentations concerning its right, title and interest in the Property and its ability to convey same to Third Party Plaintiffs.

66.     Third Party Plaintiffs has been required to retain counsel and are entitled to recover reasonable attorney's fees and costs incurred in prosecuting this Third Party Complaint and defending themselves in this action.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:09531-043 2793682_1 5/10/2016 3:51 PM

**SECOND CAUSE OF ACTION**

**(Unjust Enrichment as to HUD)**

67.     Third Party Plaintiffs repeat, re-allege, and incorporate each and every paragraph contained above as though fully set forth herein.

68.     Yfantis acquired the Property from HUD for value, in good faith, and without knowledge of any prior interest of LVDG.

69.     Evergreen provided its loan to Yfantis based upon the representations of HUD concerning its ability to convey clear and marketable title to the Property.

70.     Upon taking ownership of the Property, Third Party Plaintiffs have paid taxes, insurance or homeowners association assessments, as well as made numerous improvements upon the Property totaling in excess of $10,000.

71.     The principles of justice, equity and good conscience require that such funds be returned to Third Party Plaintiffs should LVDG prevail in its quiet title action.

72.     In the event LVDG obtains an outcome in its favor on its quiet title action, Third Party Plaintiffs will have been deprived of their interests in the Property and the benefit of their bargain, and HUD will have been unjustly enriched as a result of the sale to Third Party Plaintiffs.

73.     Third Party Plaintiffs has been required to retain counsel and are entitled to recover reasonable attorney's fees and costs incurred in prosecuting this Third Party Complaint and defending themselves in this action.

**THIRD CAUSE OF ACTION**

**(Breach of Contract as to HUD)**

74.     Third Party Plaintiffs repeat, re-allege, and incorporate each and every paragraph contained above as though fully set forth herein.

75.     On or about February 28, 2012, HUD granted "all the following real property" followed by the attached legal description of the Property to Shirley C. Yfantis and Crystalia L. Yfantis, via Grant Bargain and Sale Deed, recorded on March 2, 2011, at Instrument No. 201203020003280 in the Official Records of Clark County, Nevada ("Deed to Yfantis").

MAC:09531-043 2793682_1 5/10/2016 3:51 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

76.     Yfantis' purchase from HUD constitutes a contract between HUD and Yfantis, supported by valuable consideration.

77.     Yfantis has fulfilled all of their obligations under the contract.

78.     HUD breached the contract by failing to deliver to Yfantis marketable title to the Property, by reason of the claims of LVDG, and Yfantis did not agree to assume or accept title subject to these adverse claims.

79.     As a direct and proximate cause of HUD's breach, Yfantis has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00).

80.     Yfantis has been required to retain counsel and is entitled to recover reasonable attorney's fees and costs incurred to prosecute this Third Party Complaint and defend itself in this action.

## FOURTH CAUSE OF ACTION

### (Breach of Statutory Warranties, Pursuant to N.R.S. § 111.170 as to HUD)

81.     Third Party Plaintiffs repeat, re-allege, and incorporate all the allegations above as though fully set forth herein.

82.     The Deed to Yfantis was a Grant, Bargain and Sale Deed, which carried with it the statutory warranties found in N.R.S. § 111.170.

83.     Upon information and belief, prior to executing the Deed to Yfantis, HUD had knowledge of and/or should have been aware of the adverse interests of LVDG at the date escrow closed and title was transferred to Yfantis.

84.     The adverse interests of LVDG constituted an encumbrance on the Property, done, made, or suffered by HUD as the grantor in the Deed to Yfantis.

85.     By conveying title to the Property to Yfantis, subject to the adverse interests of LVDG, HUD violated the warranties found in NRS § 111.170.

86.     As a direct and proximate cause of HUD's breach of statutory warranties, Yfantis has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00).

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:09531-043 2793682_1 5/10/2016 3:51 PM

87.     Yfantis has been required to retain counsel and is entitled to recover reasonable attorney's fees and costs incurred to prosecute this Third Party Complaint and defending themselves in this action.

### FIFTH CAUSE OF ACTION

### (Rescission as to HUD, pled in the alternative)

88.     Third Party Plaintiffs repeat, re-allege, and incorporate all the allegations above as though fully set forth herein.

89.     In connection with HUD's sale of the Property to Yfantis, HUD knowingly and willfully presented or caused to be presented statement(s), knowing that the statement(s) concealed or omitted facts, or contained false or misleading information concerning facts material to Yfantis' purchase of the Property.

90.     Yfantis was induced into purchasing the Property from HUD based upon HUD's misrepresentations, failures to disclose, and concealment of facts concerning the adverse interests encumbering the Property.

91.     HUD acted or failed to act with the intent of defrauding or deceiving Yfantis in order to sell the Property to them.

92.     Whether intentionally or negligently, HUD made misrepresentations, knowing that its misrepresentations were false, with the intent to induce reliance on the misrepresentations by Yfantis, as more fully set forth above.

93.     These misrepresentations, failures to disclose and factual concealment made by HUD resulted in damages to Yfantis in an amount to be established at trial.

94.     These misrepresentations, failures to disclose and/or factual concealment by HUD vitiate the purchase agreement between HUD and Yfantis, rendering it void and or results in a rescission of such contract, requiring HUD to refund the purchase price paid by Yfantis and funded by Evergreen, based upon HUD's actions.

95.     Yfantis has been required to retain counsel and is entitled to recover reasonable attorney's fees and costs incurred to prosecute this Third Party Complaint and defending themselves in this action.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:09531-043 2793682_1 5/10/2016 3:51 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**SEVENTH CAUSE OF ACTION**

**(Equitable Indemnification against HUD)**

96.     Third Party Plaintiffs repeat, re-allege, and incorporate all the allegations above as though fully set forth herein.

97.     The damages of which LVDG claims against Yfantis, if true, result from, either whole or in part, the acts and/or omissions of HUD.

98.     In equity and good conscience, Third Party Plaintiffs are entitled to indemnity by virtue of the involvement of HUD with the sale of the Property following the HOA foreclosure sale, and HUD's responsibility, duty, and/or obligation to avoid such acts and/or omissions.

99.     LVDG's claims against Third Party Plaintiffs arise as a result of HUD's sale of the Property to Yfantis, and any resulting damage sustained by Third Party Plaintiffs are solely and proximately caused by HUD's sale of the Property without having the ability to convey good and marketable title thereto.

100.     As a direct and proximate cause of HUD's actions, Third Party Plaintiffs have been damaged in an amount in excess of $10,000.00.

101.     Third Party Plaintiffs has been required to engage the services of an attorney in these proceedings and has incurred attorney fees that were a reasonable foreseeable consequence and a necessary and proximate result of the conduct alleged above and therefore Third Party Plaintiffs are entitled to reimbursement from HUD for those reasonable attorney fees and costs incurred herein.

**EIGHTH CAUSE OF ACTION**

**(Contribution as to HUD)**

102.     Third Party Plaintiffs repeat, re-allege, and incorporate all the allegations above as though fully set forth herein.

103.     Based on the acts and/or omissions of Interstate, if a judgment is rendered on behalf of the Plaintiff against Third Party Plaintiffs, Third Party Plaintiffs are entitled to contribution from HUD in an amount proportionate to the amount of fault, responsibility, and/or fault attributable to HUD.

MAC:09531-043 2793682_1 5/10/2016 3:51 PM

104.    Any and all damages sustained by Third Party Plaintiffs as a result of LVDG's claims in this matter are solely and proximately caused by the inability of HUD to convey good and marketable title to the Property despite its representations to Yfantis that it was able to convey good and marketable title to the Property.

105.    As a direct and proximate cause of HUD's actions, Third Party Plaintiffs have been damaged in an amount in excess of $10,000.00.

106.    Third Party Plaintiffs have been required to engage the services of an attorney in these proceedings and has incurred attorney fees that were a reasonable foreseeable consequence and a necessary and proximate result of the conduct alleged above and therefore Third Party Plaintiffs are entitled to reimbursement from Interstate for those reasonable attorney fees and costs incurred herein.

### **PRAYER FOR RELIEF**

WHEREFORE, Counterclaimants/Cross-Claimants/Third Party Plaintiffs pray for judgment against LVDG, Wells Fargo, and HUD as follows:

1.    For a declaration in favor of Yfantis and Evergreen that the HOA foreclosure did not extinguish Wells Fargo's Deed of Trust;

2.    For a declaration that the HOA Foreclosure Sale is void  and set aside;

3.    In the event it is determined that Wells Fargo Deed of Trust was extinguished by the HOA Sale, thereby eliminating the Yfantis' interests in the Property, for a declaration from the Court that Wells Fargo is obligated to reimburse Yfantis and Evergreen for any and damages they incur are a result thereof;

4.    In the event that it is determined that Yfantis is not vested in title to the Property and that Evergreen is not entitled to its deed of trust recorded against the Property, for a declaration from the court that Yfantis and Evergreen are entitled to equitable indemnification from Wells Fargo for any and damages they incur are a result thereof;

5.    In the event a judgment is rendered in favor of LVDG, Yfantis and Evergreen are entitled to contribution from Wells Fargo in an amount proportionate to the amount of fault, responsibility, and/or fault attributable to Wells Fargo;

MAC:09531-043 2793682_1 5/10/2016 3:51 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

6.     In the event that LVDG prevails on its quiet title claim, for a judgment against LVDG for the amounts of taxes, insurance, assessments and all other improvements that Yfantis and/or Evergreen have paid related to the Property;

7.     In the event it is determined that Wells Fargo Deed of Trust was extinguished by the HOA Sale, thereby eliminating the Yfantis' interests in the Property, for a declaration from the Court that HUD is obligated to reimburse Yfantis and Evergreen for any and damages they incur are a result thereof;

8.     In the event that it is determined that Yfantis is not vested in title to the Property and that Evergreen is not entitled to its deed of trust recorded against the Property, for a declaration from the court that Yfantis and Evergreen are entitled to equitable indemnification from HUD for any and damages they incur are a result thereof;

9.     In the event that LVDG prevails on its quiet title claim, for a judgment against HUD for the amounts of taxes, insurance, assessments and all other improvements that Yfantis and/or Evergreen have paid related to the Property;

10.     For a declaration that HUD breached its contract with Yfantis by conveying title to property it did not have the right, title, or interest in;

11.     For an order of the Court, finding that HUD breached its statutory warranties;

12.     For an order rescinding the purchase agreement between HUD and Yfantis;

13.     For a judgment against LVDG;

14.     For an award of general and special damages in excess of $10,000.00;

///
///
///
///
///
///
///
///

MAC:09531-043 2793682_1 5/10/2016 3:51 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    15.    For attorney's fees, costs, including post-judgment costs; and

2    16.    For any and all further relief deemed appropriate by this Court.

3    Dated this 10th day of May, 2016.

4

5                     MARQUIS AURBACH COFFING

6

7    By    /s/Terry A. Moore
        Terry A. Moore, Esq.

8        Nevada Bar No. 7831
        Adele V. Karoum, Esq.

9        Nevada Bar No. 11172
        10001 Park Run Drive

10       Las Vegas, Nevada  89145
        Attorneys for Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:09531-043 2793682_1 5/10/2016 3:51 PM