SHANE D. COX, ESQ.
Nevada Bar No. 13852
Absolute Collection Services, LLC
8440 W. Lake Mead Blvd., Ste. 210
Las Vegas, Nevada 89128
(702) 531-3394
(702) 531-3396 - Facsimile
shane@absolute-collection.com
Attorney for Defendant, ABSOLUTE
COLLECTION SERVICES, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS DEVELOPMENT GROUP, LLC, a Nevada limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>SHIRLEY C. YFANTIS, an individual; CRYSTALIA L. YFANTIS, an individual; WELLS FARGO BANK, N.A., a National Banking Asssociation; NATIONAL DEFAULT SERVICING CORPORATION; an Arizona Corporation; MARIA BARROGA, an individual; ANASTACIA CEPEDA, an individual; SECRETARY OF THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, a federal governmental agency; EVERGREEN MONEYSOURCE MORTGAGE COMPANY, a Washington corporation; DOE individuals 1 through XX; and ROE CORPORATIONS 1 through XX,<br><br>    Defendants.<br><br>WELLS FARGO, BANK, N.A.,<br><br>    Counterclaimant,<br><br>v.<br><br>LAS VEGAS DEVELOPMENT GROUP, LLC,<br>    Counterdefendant | CASE NO.:   2:15-cv-01127-APG-GWH<br><br>**THIRD-PARTY DEFENDANT, ABSOLUTE COLLECTION SERVICES, LLC'S MOTION TO DISMISS THIRD-PARTY COMPLAINT** |

1

| | |
|---|---|
| WELLS FARGO, BANK, N.A., | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RIO VISTA HOMEOWNERS, ASSOCIATION; ABSOLUTE COLLECTION SERVICES, LLC; DOES I THROUGH 10, inclusive, | ) ) ) ) |
| | ) |
| Third-Party Defendants. | ) |
| _____ | ) |

COMES NOW, Third-Party Defendant, ABSOLUTE COLLECTION SERVICES, LLC, ("ACS"), by and through its attorneys of record, SHANE D. COX ESQ., and hereby moves this Court to dismiss Third-Party Plaintiff WELLS FARGO BANK, N.A.'s Claims against ACS in its Third Party Complaint [Dkt. 84]. This Motion is made and based upon the papers and pleadings on file with the Court, the attached Memorandum of Points and Authorities, and such argument as may be presented at any hearing on the Motion.

DATED this 1st day of June, 2016.

SHANE D. COX

  /s/ Shane D. Cox
SHANE D. COX, ESQ.
Nevada Bar No. 13852
8440 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This action arises from a non-judicial foreclosure sale of real property located at 9986 Otterburn Street, Las Vegas, NV 89178, ("The Property"). The Property was foreclosed on by the HOA, Rio Vista Homeowners Association, through its collection agency of the time, Absolute Collection Services, LLC, memorialized by a Trustee Deed Upon Sale that was recorded on

2

November 17, 2010 in Clark County, Nevada as Instrument # 201011170002193, a copy of which is attached as Exhibit C. The original Complaint in this action was brought on May 18, 2015 by Plaintiff Las Vegas Development Group, LLC, as case number A-15-718536-C. Shortly thereafter, on May 27, 2015, an Affidavit of Service was filed reflecting service on Wells Fargo Bank, N.A. A printout of the Register of Actions of this case is attached as Exhibit E. The case was removed to this Court, reflected by Dkt. 1, Notice of Removal on June 15, 2015. Wells Fargo Bank, N.A. filed a Third Party Complaint against Absolute Collection Services, LLC on June 9, 2016.

A dismissal of Third-Party Plaintiff's claims against ACS is warranted under Federal Rule of Civil Procedure 12(b)(6) as Third-Party Plaintiff failed to timely file any claim against ACS.

Alternatively, the Third-Party Plaintiff's claims should be dismissed because of a failure to abide by the mediation requirement of NRS 38.310 that a claim relating to the Covenants, Conditions or Restrictions of an HOA should first be submitted to a proper Mediation through the Nevada Real Estate Division.

**II.     STATEMENT OF FACTS**

On or about August 25, 2008, Maria Barroga and Anastacia Cepeda obtained a loan for the purchase of the Property.

The HOA recorded a Notice of Delinquent Assessment Lien on October 26, 2009, through its agent, Absolute Collection Services, LLC, as instrument number 20091026003361. Attached as Exhibit A.

The HOA recorded a Notice of Default and Election to Sell under Notice of Delinquent Assessment on January 12, 2010 through ACS, as instrument number 201001120001562. Attached as Exhibit B.

The HOA recorded a Notice of Trustee's Sale on July 22, 2010 through ACS, as instrument number 201007220004959. Attached as Exhibit C.

The HOA recorded a Foreclosure Deed on November 17, 2010 through ACS, as instrument number 201011170002193. Attached as Exhibit D.

### III.     LEGAL STANDARD

#### A.     FRCP 12(b)(6)

A Rule 12(b)(6) dismissal is proper where there is either a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable theory of law." *Balistreri v. Pacific Police Dept.*, 901 F. Supp. 2d 696, 699 (9th Cir. 1990). The Federal Rules require that a complaint include a "short and plain statement of the claim showing that the pleader is entitle to relief." Fed. R. Civ. Pr. 8(a)(2). In order to survive a motion to dismiss, a plaintiff must allege facts that are enough to raise his right to relief "above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 554, 555 (2007). While the complaint "does not need detailed factual allegtaions," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement' to relief." *Id.* This requires more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"A claim has factual plausibility when the plaintiff pleads content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court identified two working principles governing motions to dismiss. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. at 678-79. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 679.

4

## IV. LEGAL ARGUMENT

### A. The Third-Party Plaintiff's Complaint Is Barred By The Statute of Limitations

Pursuant to NRS 40.010, a quiet title action "may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." A claim for declaratory relief is subject to a statute of limittations generally applicable to civil claims." *Zuill v. Shanahan*, 80 F. 3d 1366, 1369-70 (9th Cir. 1996); *Levald v. City of Palm Desert*, 998 F.2d 680, 688 (9th Cir. 1993) (noting that statute of limitations applicable to damages action applies equally to claims for declaratory judgment). When a complaint shows on its face that the cause of action is barred by the statute of limitations, the burden falls upon the plaintiff to demonstrate that the bar does not exist. *Bank of Nevada v. Friedman*, 82 Nev. 417, 411, 420 P.2d 1, 4 (1966).

NRS 11.080 provides as follows:

> **Seisin within 5 years; when necessary in action for real property.** No action for the recovery of real property, or for the recovery of the possession thereof other than mining claims, shall be maintained, unless it appears that the plaintiff or the plaintiff's ancestor, predecessor or grantor was seized or possessed of the premises in question, within 5 years before the commencement thereof.

Similarly, NRS 11.070 provides as follows:

> **No cause of action effectual unless party or predecessor seized or possessed within 5 years.** No cause of action or defense to an action, founded upon the title to real property, or to rents or to services out of the same, shall be effectual, unless it appears that the person prosecuting the action or making the defense, or under whose title the action is prosecuted or the defense is made, or the ancestor, predecessor, or grantor of such person, was seized or possessed of the premises in question within 5 years before the committing of the act in respect to which said action is prosecuted or defense made.

Additionally, it is established in Nevada that a cause of action accrues when "the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury." *Nevada State Bank v. Jamison Partnership*, 106 Nev. 792, 800, 801 P.2d 1377, 1382 (1990). The

5

Third-Party Plaintiff knew or should have known of the HOA Foreclosure Sale took place on November 16, 2010. ACS had been in contact with a woman by the name of Barbara Beauchamp, who represented herself as a representative of Wells Fargo Bank, N.A. regarding the foreclosure. An entry on September 9, 2010 in Absolute's Internal Notes indicates that Mrs. Beauchamp was aware that the HOA, through ACS, intended on proceeding with Foreclosure. Additionally, another note on March 15, 2010 shows that Wells Fargo had received ACS's Notice of Default and Election to Sell, and was aware of the HOA and ACS's intention to proceed to foreclosure. See ACS's Internal Notes, attached as Exhibit F.

The Third-Party Plaintiff's Complaint admits at paragraph 19 that the HOA foreclosed on or about November 10, 2010. Further, the Complaint admits at paragraph 18 that a Foreclosure Deed was recorded on November 17, 2010. There is no evidence that the Third-Party Plaintiff took any action prior to the filing of this Third-Party Complaint for a period of well over five years. Under these circumstances, its claims are barred by the statute of limitations and the Third-Party Complaint must be dismissed.

Additionally, Third-Party Plaintiff was served with a lawsuit prior to May 27, 2015. Third-Party Plaintiff waited nearly a year later to file a Complaint against ACS, until May 9, 2016. Third-Party Plaintiff has no valid reason for this delay. Therefore, the Third-Party Complaint must be dismissed.

**B.     Alternatively, Third-Party Plaintiff Has Failed To Submit A Claim To Mediation Pursuant To NRS 38.310**

NRS 38.310 provides:

1. No civil action based upon a claim relating to:
   (a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association; or

6

      (b)  The procedures used for increasing, decreasing or imposing additional assessments upon residential property,

may be commenced in any court in this State unless the action has been submitted to mediation or, if the parties agree, has been referred to a program pursuant to the provisions of NRS 38.300 to 38.360, inclusive, and, if the civil action concerns real estate within a planned community subject to the provisions of chapter 116 of NRS or real estate within a condominium hotel subject to the provisions of chapter 116B of NRS, all administrative procedures specified in any covenants, conditions or restrictions applicable to the property or in any bylaws, rules and regulations of an association have been exhausted.

2.   A court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1.

Wrongful foreclosure is a civil action subject to NRS 38.310's requirements because deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions, or restrictions applicable to residential property. See Long v. Towne, 98 Nev. 11, 14, 639 P.2d 528, 530 (1982). Third-Party Plaintiff has brought a claim of Wrongful Foreclosure as its Fourth Cause of Action.

Therefore, if this Court does not grant the Motion to Dismiss based upon a Statute of Limitations, it should grant the Motion to Dismiss pursuant to NRS 38.310.

## V.     CONCLUSION

Based on the foregoing arguments, ACS respectfully requests that its motion to dismiss be granted in its entirety.

   DATED this 1st day of June, 2016.

                                                        SHANE D. COX

                                                        /s/ Shane D. Cox_____
                                                       SHANE D. COX, ESQ.
                                                      Nevada Bar No. 13852
                                                      8440 W. Lake Mead Blvd., Suite 210
                                                      Las Vegas, Nevada 89128

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 1st day of June, 2016, I served a correct copy of the foregoing DEFENDANT, ABSOLUTE COLLECTION SERVICES, LLC'S MOTION TO DISMISS via electronic means in the CM/ECF system of the United States District Court in the District of Nevada pursuant to FRCP 5.

        /s/ Shane D. Cox
        Authorized by SHANE D. COX, ESQ.